O’CONNELL, Justice.
Because of the combined effect of a detached retina of the right eye suffered in the admittedly compensable accident here involved and a previous loss of sight in the left eye the respondent-claimant, Josie ■Chizauskas, was accepted by the employer-•carrier as being totally disabled.
On petition of the claimant the deputy among other things ordered that the employer-carrier pay to claimant’s husband the sum of $20.00 per week for services furnished by him to the claimant. The employer-carrier seeks quashal of this award ±0 claimant’s husband.
As the basis for this award to claimant’s husband the deputy stated that:
“ * * * In arriving at a determination of Alex Chizauskas’ entitlement to an award for nursing services, it is my finding, based upon all of the evidence presented, including the testimony of Josie Chizauskas, Alex Chiz-auskas, and Dr. Victor Curtin, the claimant’s attending and operating physician, that the claimant is not taking any type of medications or drugs; that she is able to dress herself; go to the bathroom inassisted; and in general move about her house without the supervision of an attendant; that the claimant is not now receiving, nor is she in need of, special medical care or attendance by a registered nurse. I do find, however, based upon all of the evidence presented to me on this point, including the advanced age of the claimant, 71 years of age, that the claimant is unable to perform the duties customarily done by a housewife, because of her physical condition, and that she is therefore in the interest of safety and good health practice, in the need of a practical nurse in the nature of a housekeeper or maid to perform such tasks as cooking, washing, cleaning the house, washing clothes, ironing, etc. As these duties are presently being performed by the claimant’s husband, it is my finding that the reasonable value of the services performed by Mr. Alex Chizauskas is $20.00 per week. * * * ”
On review the Full Commission reversed the award to the claimant’s husband apparently on the ground that the services found by the deputy to be rendered by the husband were not of the kind required to be furnished by the employer under Section 440.13, F.S.A.
As to this issue the Full Commission remanded the cause to the deputy with directions that he “ * * * reconsider and redetermine claimant’s need for personal *444 attendance or care as distinguished from household duties with respect to the claim for nursing services.”
The employer-carrier contends that the Full Commission committed error in making this remand. It argues that the deputy’s findings as to the nature of the services needed by the claimant are explicit in that they show that the claimant does not require nursing but does require housekeeping services; that these findings are supported by competent substantial evidence; and that the Full Commission correctly determined that the deputy had misinterpreted and misapplied Section 440.-13 when he ordered the employer-carrier to pay for those services which he found to be needed by claimant. In other words, the employer-carrier contends that when the Full Commission determined that a correct application of the law to the findings of the deputy did not warrant an allowance for nursing services, it was obligated to reverse the deputy on this issue and that a remand was improper.
We agree.
 The findings of the deputy quoted above are amply supported by the record. The Full Commission did not find to the contrary. These findings clearly show that the claimant does not need “ * * * remedial treatment, care and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital. * * * ” These are the kind of services which Section 440.13 requires an employer-carrier to furnish in an appropriate case. Housekeeping and related services are not required to be furnished.
As we interpret the deputy’s findings he determined, with adequate support in the record, that the claimant did not need and the husband was not performing the kind of care or attention required to be furnished by the statute.
The Full Commission’s directions to the deputy to “reconsider and redetermine claimant’s need for personal attendance or care” must be held to mean attendance or care authorized under Section 440.13.
So it seems to us that the issue which the Full Commission ordered to be redetermined on remand has already been determined correctly by the deputy. It was error to remand the cause for a second determination of the same question.
Accordingly, the petition is granted and that portion of the order of the Full Commission remanding the cause for reconsideration and redetermination of claimant’s need for personal care and attendance is quashed, but the remainder of said order is left undisturbed.
It is so ordered.
THOMAS, Acting C. J., and CALDWELL, ERVIN and BARNS (Retired), TJ., concur.