DREW, Justice.
The petitioner in this workmen’s compensation case, a 45-year-old restaurant hostess, controverts an order of the full commission which reversed an order awarding petitioner permanent total disability compensation and other benefits. The full commission in its order found that the award of permanent total compensation was premature and inconsistent with the deputy’s finding that “claimant is in need of psychiatric treatment of her said psychiatric disorder * * * a conversion neurosis,” although maximum recovery from the orthopedic injury has been reached. The psychiatric testimony that appears in the record on the point of dispute is:
“Q. * * * Doctor, as I understand, apparently you feel that so long as Mrs. Chastain has a pending compensation claim and the element of pending litigation is present, her mental status is not going to change?
“A. That is correct.”
The employer in its cross-petition questions the propriety of any finding of total disability based on the evidence in the record of limited physical disability and seeks relief from the award so made as well as the attorney’s fee awarded claimant’s attorney in the sum of $9,000, which is alleged to be excessive.
*900 The full commission in its order stated:
“It was error for the deputy commissioner to find that claimant had reached ‘maximum medical improvement’ when it is obvious that claimant continues to be temporarily totally disabled and in need of further remedial treatment. Thus, as stated before, the award of compensation for permanent total disability under these circumstances was premature. The deputy commissioner should have ordered the payment of compensation for temporary total disability and that psychiatric treatment be furnished claimant (which he did). Thereafter, the deputy should determine at some future date whether or not claimant has reached maximum medical improvement following the psychiatric treatment or whether further improvement from her disability can be expected; and, if not, whether claimant at this time suffers any residual permanent disability.”
In Moses v. R. H. Wright & Son, Inc., Fla.1956, 90 So.2d 330, — a case not cited by any of the attorneys here — this Court dealt with an analogous situation. There we reached the same conclusion with reference to it that the full commission reached here. On the authority of that case the order of the full commission here under review is approved and confirmed.
The cross-petition is denied but such denial shall not be construed as approving the fee of $9,000 which was awarded claimant’s attorney. The amount of this fee should be reconsidered by the deputy on remand, and will of course be subject to appropriate review by any interested party.
It is so ordered.
THORNAL, C. J., THOMAS and O’CONNELL, JJ., and JOHNSON, District Court Judge, concur.