226 So.2d 801 (1969)
PAN AMERICAN WORLD AIRWAYS, INC., Employer, and the Travelers Insurance Company, Carrier, Petitioners,
v.
John C. WEAVER, Employee, and the Florida Industrial Commission, Respondents.
No. 38193.
Supreme Court of Florida.
May 21, 1969.
Jon Johnson, of Sands, Smalbein, Eubank, Johnson & Rosier, Daytona Beach, for petitioners.
Irvin A. Meyers of Meyers, Mooney & Langston, Orlando, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
CARLTON, Justice.
Respondent was involved in an admittedly compensable accident which left him permanently and totally disabled. He now employs an unlicensed practical nurse full-time in the dual capacity of nurse and housekeeper. The sole issue in dispute is whether or not respondent's employer is required, under F.S. § 440.13(1), F.S.A., to assume the full cost of the attendant's services.
The statute, in material part, is as follows:
"(1) Subject to the limitations specified in subsection (3) (b), the employer shall furnish to the employee such remedial treatment, care and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require * * *."
The treating physician was of the opinion that respondent needed some nursing assistance of a practical nature as well as general assistance in the management of his household affairs. Upon questioning, the physician stated that this assistance did not have to be rendered by a nurse. The Judge of Industrial Claims determined from the facts that the attendant's time was equally divided between nursing services and general housekeeping, and that, therefore, under the statute, the employer would have to bear only half of the attendant's expense.
*802 The Full Commission, with one member dissenting, reversed. The majority held, in pertinent part, as follows:
"We believe the Judge of Industrial Claims erred in this respect and that he should have ordered the Carrier to pay the total amount of $40.00; with no part of the amount to be paid by the Claimant. The Claimant is permanently and totally disabled and cannot care for himself. Section 440.13(1), Florida Statutes, provides that the Employee shall be furnished with such remedial treatment, care, and attendance as the nature of the injury or process of recovery may require. The services of the practical nurse are in the nature of attendance in addition to nursing, and we think that the total amount of the practical nurse's salary should be provided by the Employer and Carrier. * * * Oolite Rock Co. v. Deese, Fla. 1961, 134 So.2d 241; Formite, Inc. v. Jaynes, Decision No. 2-1657, certiorari denied without opinion in 208 So.2d 614 (1968)."
The dissenting member would have affirmed the Judge of Industrial Claims in toto on the authority of South Coast Construction Co. v. Chizauskas, 172 So.2d 442 (Fla. 1965). After hearing oral arguments and carefully reviewing the records and briefs arising out of this case, we are of the opinion that the dissenting member was correct.
The facts are unfortunate, but they are not in dispute. Respondent is able to dress himself, prepare and take his own medication, feed himself, and perform bathroom functions unassisted. However, he is unable to make his bed, clean his house or do his own shopping. These activities are carried out by his attendant, who also prepares his food, does his laundry, and carries out his general correspondence. The attendant also performs the functions usually carried out by a practical nurse, such as administering medicine to respondent when he is unable, and assisting with his bathing.
In the Chizauskas case, this Court discussed the services that are compensable under F.S. § 440.13(1) and plainly stated the rule which is applicable in the instant case: "Housekeeping and related services are not required to be furnished." 172 So.2d at 444. The Judge of Industrial Claims properly followed this rule when he held that only half of the attendant's services were compensable under the statute, i.e., those services which were in the nature of practical nursing.
The Full Commission, relying primarily on Oolite Rock Co. v. Deese, supra, came to an opposite conclusion. They would have assessed the full cost of the attendant's services to the employer-carrier. We think this reliance on Oolite is misdirected. In that case the injuries sustained by the worker included massive damage to the brain which mentality was reduced "to that of a six-to-eight-year-old child." This impairment rendered him incapable of taking care of his simplest needs, and required that someone attend to him during his every waking hour. We allowed his wife's claim for compensation under the statute because her husband's injuries demanded her constant attention and assistance. Being a housewife, she continued her normal household activities, but she was not compensated for these. She was compensated for the attention and care her husband's condition demanded of her.
In Chizauskas, the husband of a worker who was blinded in a compensable accident sought compensation under the statute for the "care and attendance" he rendered in her behalf. We declined to allow it because, as the reported testimony in that case clearly shows, her condition did not require any attention. She could fend for herself and carry out her essential daily activities unassisted. See 172 So.2d at 443. The difference between Oolite and Chizauskas is that in the former, the condition of the injured worker specifically required the palliative attentions of another, while in the latter, the injured worker required no assistance which would mitigate *803 or relieve the effects of injuries which were personal to her.
In the instant case, the Judge of Industrial Claims recognized and followed this distinction by separating the activities of respondent's attendant into compensable and non-compensable services. We feel that competent and substantial evidence clearly supported this division and that the Full Commission was in error when it reversed the Judge's order.
Therefore, the Order of the Full Commission is quashed, and the Order of the Judge of Industrial Claims is hereby reinstated. Respondent's motion for attorney's fees is denied.
It is so ordered.
ERVIN, C.J., and DREW, BOYD and CALDWELL (Retired) JJ., concur.