CARLTON, Acting Chief Justice.
Two substantive issues are presented to us in this workmen’s compensation case: first, did the Judge of Industrial Claims err in finding that claimant had reached maximum medical recovery; second, was the grant of compensation for nursing services proper. The Industrial Relations Commission reversed the Judge’s affirmative rulings on both issues with one member dissenting. In our judgment the reversal was in error and the Compensation Order should have been sustained.
Claimant, a 59-year old woman employed as a chambermaid, fractured her left ankle in a compensable accident. Her injuries healed without serious physical complication to the point of maximum medical recovery, but the accident set off an adverse psychological reaction, known as a chronic anxiety reaction, which lingered on even as her ankle healed. At the hearing on her claim, an examining physician testified that this reaction would suggest further psychiatric treatment, but that the best treatment would be for claimant to begin working again. In his view, employment would alleviate an intense fear of dependency which formed the basis for her anxiety reaction. Considering the testimony that claimant was able to resume work, and that work would be the best remedy for her ills, we believe that the Claims Judge could make a determination of maximum medical recovery based on competent, substantial evidence in accord with logic and reason. The singular interrelationship between claimant’s psychiatric disability and her ability to resume work takes this case out of the situations obtaining in Chastain v. Union News Division of American News Co., 194 So.2d 899 (Fla.1966) [relied upon by the Commission majority], and Moses v. R. H. Wright & Son, Inc., 90 So.2d 330 (Fla.1956).
We also find that an award for practical nursing services rendered by claimant’s sister was properly made. See Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla.1969), for a discussion of services which are compensa-ble. In this case, the nature of the injury and the age of the claimant indicated that the services would be necessary; this was confirmed by correspondence from one of the treating physicians in which he stated that claimant “[W]ould need assistance for few weeks after getting out of the hospital.” The services rendered were compen-sable under Fla.Stat. § 440.13(1), F.S.A.
Accordingly, certiorari is granted, the Order of the Industrial Relations Commission is quashed, and the cause is remanded with directions to reinstate the Order of the Judge of Industrial Claims.
Petitioner-claimant’s petition for attorney’s fees is granted in the amount of $500.00.
It is so ordered.
ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.