McCAIN, Justice.
The sole issue presented for our consideration in this workmen’s compensation case is the correctness of the finding of the Judge of Industrial Claims that claimant had reached maximum medical recovery although he was suffering from an anxiety reaction which was still reasonably subject to improvement. The Industrial Relations Commission affirmed the Judge’s ruling on this issue with one member dissenting. In our judgment the affirmance was correct and certiorari should be denied.
Claimant, a 67-year-old man employed as a carpenter, fractured his right leg in a compensable accident. The Claims Judge, based on the testimony of claimant’s physician, Dr. Eney, found that claimant had reached maximum medical improvement on January IS, 1968 with a 30% permanent partial disability of the left lower extremity. The Judge further found:
“He [claimant] is also suffering from an anxiety reaction, however, based upon the testimony of Dr. Eney, I find this condition is non-disabling in nature; that he requires no further medical treatment or care; and that he is presently able to return to fulltime employment as a general carpenter, although he will be limited in activities which require prolonged walking or vertical climbing.”
The full Commission affirmed the award stating:
“The medical evidence indicates that the claimant has reached maximum medical improvement and that from an orthopedic standpoint, the claimant could return to carpentry with some slight limitations. The medical evidence further reflects that the claimant is in no need of further medical attention from an orthopedic standpoint. There is some evidence that the claimant has a psychiatric problem but that it is not disabling and that it would probably disappear on the claimant’s return to work. Accordingly, we must affirm.”
In our opinion, the recent decision of this Court, speaking through Justice Carlton, in McMahon v. Huntington and Hartford Accident & Indemnity Co., 246 So.2d 743 (Fla.1971) (rendered subsequent to the order of the full Commission sought to be reviewed) is dispositive of the issue presented. In that case, in which claimant was also suffering from an anxiety reaction, we reversed an order of the full Commission holding it improper for the Claims Judge to make a determination of maximum medical improvement while claimant’s anxiety reaction remained treatable. Our rationale was as follows:
“Claimant, a 59-year old woman employed as a chambermaid, fractured her left ankle in a compensable accident. Her injuries healed without serious phys *546 ical complication to the point of maximum medical recovery, but the accident set off an adverse psychological reaction, known as a chronic anxiety reaction, which lingered on even as her ankle healed. At the hearing on her claim, an examining physician testified that this reaction would suggest further psychiatric treatment, but that the best treatment would be for claimant to begin working again. In his view, employment would alleviate an intense fear of dependency which formed the basis for her anxiety reaction. Considering the testimony that claimant was able to resume work, and that work would be the best remedy for her ills, we believe that the Claims Judge could make a determination of maximum medical recovery based on competent, substantial evidence in accord with logic and reason. The singular interrelationship between claimant’s psychiatric disability and her ability to resume work takes this case out of the situations obtaining in Chastain v. Union News Division of American News Co., 194 So.2d 899 (Fla.1966) [relied upon by the Commission majority], and Moses v. R. H. Wright & Son, Inc., 90 So.2d 330 (Fla.1956).” (Emphasis supplied.)
As we view McMahon, the determinative features of that case were the ability of claimant to return to work, and the medical testimony that work would relieve her anxiety reaction. In both these respects the instant case accords substantially with the McMahon situation. The treating physician, Dr. Eney, testified that from an orthopedic standpoint claimant was able to return to work as a carpenter despite the permanent partial disability of his leg. With regard to claimant’s anxiety reaction, Dr. Eney was of the opinion that:
‘A. . With regard to his nerves, I think that he has suffered something called an anxiety reaction which probably has been precipitated by his getting out of his normal daily activities. This is not an unusual thing. While this can be quite distressing to the patient, it does not carry the serious imports of some of the other psychiatric problems such as a psychosis. The anxiety reaction ordinarily is a reversible thing. In fact, sometime earlier I had encouraged Mr. Sweeting to try to increase his activity and to return to his normal daily activities, feeling this would do more for his nerves than medical care or anything else.
“Q. Do you feel that the anxiety reaction, to diagnose this case, contraindicates his return to work in any way ?
“A. I feel that he would be benefited by his return to work.”
Accordingly, in our judgment the Judge of Industrial Claims “could make a determination of maximum medical recovery based on competent, substantial evidence in accord with logic and reason.” McMahon, supra. The petition for writ of certiorari is therefore denied.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and ADKINS, JJ., concur.