413 So.2d 827 (1982)
Abdullah KHAWAM, Appellant,
v.
COLLISION CLINICS INTERNATIONAL, INC., d/b/a Chassie's Master and Insurance Company of North America, Appellees.
No. AE-266.
District Court of Appeal of Florida, First District.
May 6, 1982.
*828 Stephen J. Pajcic, II and William A. Bald of Pajcic, Pajcic, Dale & Bald, Jacksonville, for appellant.
John J. Schickel of Cowles, Coker & Myers, Jacksonville, for appellees.
ERVIN, Judge.
In this workers' compensation appeal, we reverse and remand the deputy commissioner's determination that benefits for attendant care requested, pursuant to Section 440.13, Florida Statutes (Supp. 1978), are not compensable.
On June 26, 1979, Khawam, while in the employ of appellee Chassie's Master, a Dania auto body repair house, was attempting to straighten the frame on a wrecked Masseratti when a chain snapped, hitting him in the face. The claimant lost one eye, and the other eye was so badly injured that he was determined to be legally blind. Admitting that he can make out only hazy shadows, the claimant is now able to carry on only a few perfunctory functions of life. He is able to pour milk or water, but he cannot cook for himself. He has burned himself on the coils of an oven in attempting to do so. He can dress himself, but because he cannot see, he cannot coordinate the colors of the clothing he wears. His refusal to accept his disability, moreover, has given rise to some potentially dangerous activities. For example, he occasionally drives to a local convenience store, or motors throughout the apartment complex in which he lives.
The treating physician, Dr. Ronald Singal, testified that it was medically necessary for the claimant to have attendant care. Singal noted that the claimant not only needs someone to cook and shop for him, but more importantly, the doctor determined that it was physically dangerous for the claimant to be left alone without someone to assist him. In Singal's view, such care was more in the nature of housekeeping, as opposed to nursing care.
Although the employer/carrier was willing to provide some measure of home care, such benefits were terminated on October 3, 1980. However, in 1981 both Singal and Dennis Kirby, a vocational rehabilitation counselor, testified that the claimant needed attendant care services, although not on a permanent basis. They recommended that the claimant's available attendant care be continued, but gradually reduced and finally terminated so that the claimant would not form a dependency on such services.
The deputy commissioner found that the type of care sought by the claimant was in the nature of housekeeping services. Relying principally on South Coast Construction Co. v. Chizauskas, 172 So.2d 442, 444 (Fla. 1965) and Pan American World Airways, Inc. v. Weaver, 226 So.2d 801, 802 (Fla. 1969), for the proposition that housekeeping services are not compensable, he denied the claim for compensation.
While it is true that Chizauskas, supra, at 444, does state that "[h]ousekeeping and related services are not required to be furnished," our review of the case indicates that Chizauskas deemed such services not compensable as a matter of fact rather than as a matter of law. Compensation was denied because the court found adequate support in the record to sustain the deputy commissioner's findings "that the claimant did not need ... the kind of care or attention required to be furnished by the statute." Id. (e.s.)
In Pan American World Airways, supra, at 802-803, the court's explication of Chizauskas disposed of any doubt as to the scope of compensable benefits available under Section 440.13, Florida Statutes. To paraphrase, the court stated that compensation for attendant care is to be provided if the condition of the injured worker specifically requires the palliative attentions of *829 another, but compensation shall not be awarded if the injured worker requires no assistance which would mitigate or relieve the effects of injuries which were personal to him. Consequently, it is the need for, rather than the nature of the attendant services generated as a result of a compensable injury which determines whether those services are to be provided by the employer/carrier.[1] To the extent such requested attendant care represents normal housekeeping functions, for which a need is not engendered by the injury, we would agree that "housekeeping services" are not compensable.
In analyzing a request for attendant care, the starting point requires scrutiny of the claimant's need for the requested care. In the instant case, the deputy erred by examining the type of services requested, apparently without consideration of the claimant's needs.
The evidence in the case at bar supports a need for attendant care, because Dr. Singal stated that it was medically necessary for Khawam to have palliative care. The duration of the care is a factual question, since both the doctor and the vocational rehabilitation counselor stated that the care should be gradually reduced in order to force the claimant to learn to care for himself and to function as normally as possible. This case is REMANDED for consideration of this factor.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] This view is in accord with numerous decisions of this court and the Industrial Relations Commission. See, e.g., Thatcher Glass Manufacturing Co. v. Buyna, 411 So.2d 1029 (Fla. 1st DCA 1982); Lopez v. Pennsuco Cement & Aggregates, Inc., 401 So.2d 875 (Fla. 1st DCA 1981); Clay Hyder Trucking Lines, Inc. v. Coffinbury, 9 F.C.R. 199 (1975); Craftsmen's Village, Inc. v. Benach, 8 F.C.R. 372 (1974), cert. denied, 302 So.2d 762 (Fla. 1974).