413 So.2d 860 (1982)
CITY OF LEESBURG and U.S. Fidelity & Guaranty Company, Appellants,
v.
Thomas W. BALLIET, Appellee.
No. ZZ-278.
District Court of Appeal of Florida, First District.
May 12, 1982.
*861 John R. Gierach of Gierach & Ewald, P.A., Orlando, for appellants.
Irvin A. Meyers of Meyers, Mooney & Adler, P.A., Orlando, for appellee.
PER CURIAM.
The employer and carrier appeal a workers' compensation order awarding compensation for attendant care services which were provided to claimant more than four years prior to the claim for such services. Appellants argue they had no notice of the need for attendant care services. Alternatively, they contend the services rendered were primarily housekeeping services which are not compensable.
Florida Statutes, Section 440.13, provides that an employee shall not be entitled to recover any amount personally expended for remedial treatment, care, and attendance unless the employee shall have requested the employer to provide such treatment or service and the employer failed to do so, or unless the nature of the injury required such treatment, nursing, and services and the employer, having knowledge of such injury, failed to provide the same. In his order, the deputy commissioner did not make a specific finding as to whether the employer or carrier had notice of claimant's need for attendant care services. It may be that the deputy concluded that the nature of the injury was such as to impute knowledge claimant's need for attendant care services to the employer and carrier. Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980). We remand this case to the deputy commissioner for an expression of his findings with regard to this notice issue.
As to the second point raised by appellants, it does appear that some of the services listed by the deputy commissioner as the basis for the award of attendant care services included housekeeping services provided claimant by his father. Housekeeping services are not compensable under Florida Statutes, Section 440.13. South Coast Construction Company v. Chizauskas, 172 So.2d 442 (Fla. 1965). On remand, the deputy commissioner should distinguish between the types of services provided to claimant and apportion out the non-compensable housekeeping portion of the services provided. Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.