THOMPSON, Judge.
The claimant appeals a workers’ compensation order denying her claim for attendant or nursing type services. The employer cross-appeals that portion of the order directing it pay out-of-state medical bills. We affirm the issue on appeal and reverse the issue on cross-appeal.
Based on the testimony of the claimant, her husband, and the two attending doctors, the deputy commissioner (deputy) made a factual finding that the claimant needed household help and not attendant or nursing type care within the purview of § 440.13, Fla.Stat. The claim for attendant and nursing care was therefore denied. There is competent substantial medical evidence to support the deputy’s finding that claimant required household help or housekeeping services, not attendant or nursing type care and that the type of services performed by the husband were not the attendant or nursing type care which is compensable under § 440.13. The employer is not required to furnish housekeeping and related services. South Coast Construction Co. v. Chizauskas, 172 So.2d 442 (Fla.1965); City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982).
The employer contends the deputy erred in ordering it to pay the bills of various out-of-state doctors, hospitals, and clinics for treatment because they were unauthorized, timely bills and reports were *645 not filed with the employer as required by § 440.13(1), Fla.Stat., and the hospital admissions were not of an emergency nature. The deputy found good cause for their failure to comply with the requirements of § 440.13(1) because they were out-of-state and not familiar with the law. Ignorance of the law is not an excuse and does not constitute good cause for failure to comply with the law. Accordingly, that portion of the order directing payment of these bills is reversed.
Affirmed in part and reversed in part.
MILLS, J., concurs.
JOANOS, J., dissents without written opinion.