454 So.2d 745 (1984)
DON HARRIS PLUMBING COMPANY, INC. and New Hampshire Insurance Company, Appellants,
v.
John N. HENDERSON, Appellee.
No. AX-180.
District Court of Appeal of Florida, First District.
August 22, 1984.
John J. Schickel of Coker, Myers, Schickel & Pierce, P.A., Jacksonville, for appellants.
Stephen J. Pajcic of Pajcic, Pajcic, Dale & Bald, Jacksonville, for appellee.
MILLS, Judge.
Don Harris Plumbing Company, Inc. and New Hampshire Insurance Company (E/C) appeal an award to Henderson's spouse for attendant care services, from the date of his industrial accident to the present and continuing.
Prior to his claim for these services, the deputy found Henderson permanently and totally disabled as a result of the accident, which left him with a herniated disc. The accident was also found to have been at least a partial cause of certain psychiatric conditions suffered by him, namely psychogenic pain syndrome, anxiety and depression. The order of the deputy in which these findings appeared was not appealed, and the E/C commenced paying PTD benefits to Henderson. He subsequently filed this claim for attendant care services by his wife from the date of the accident to the present and continuing, as well as a lift chair, a swimming pool and a waterbed. The latter three claims were denied, but the deputy awarded attendant care services in the amount of $43.40 per week from the date of the accident through 31 December 1980 and $46.90 per week from 1 January 1981 to the present and continuing. It is from this award of benefits that the E/C appeal.
The E/C contend that there is no CSE in the record to support the award. They *746 point out that Henderson's treating neurologist testified that, in his opinion, there was no need for such services, and that the only evidence of the nature of any necessary services, and the time necessary to perform them, came from the wife herself. The E/C contend that the services provided by the wife, even if accurately recounted, amount to no more than a spouse would normally supply and therefore do not qualify as attendant care services. The E/C further argue that, even should the award be justified, it should not date from the date of the accident but rather from the date of the claim for such services, as they had no knowledge of the need for the service until that time. See City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982).
Henderson responds that there is ample evidence to support the award, in that his treating psychiatrist testified that, due to the superimposition of the related psychiatric conditions on the back injury, such care was necessary, at least for a time. The neurologist's testimony does not necessarily contradict this opinion, states Henderson, in that he may have been speaking from a strictly physiological point of view while the psychiatrist was familiar with the additional debilitations caused by his psychiatric condition. Further, his wife detailed her duties with him, testifying that she spent from two to six hours per day in performing them. Therefore, CSE supports this award. We agree and affirm.
Section 440.13(2)(d), Florida Statutes (1983), provides that "a family member may not be paid [for custodial care] when the services they provide do not go beyond those normally provided by family members gratuitously." Ordinary household services, such as shopping and cooking, are gratuitous when performed by a spouse. See State v. Handy, 413 So.2d 808, 810 (Fla. 1st DCA 1982), but see Khawam v. Collision Clinic International, Inc., 413 So.2d 827 (Fla. 1st DCA 1982). When services go beyond these, however, benefits for attendant care may be awarded. See Rich International Airways v. Cahvasquis, 416 So.2d 902 (Fla. 1st DCA 1982). Such services have been defined as dressing, Craftsmen's Village v. Benach, 8 FCR 372 (1974); bathing, Craftsmen's Village, supra; Pan Am World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969); administering medication, Pan Am, supra; Edward L. Nezelek Construction v. Terlizzese, 9 FCR 328 (1975); and assisting with sanitary functions, Craftsmen's Village, supra. Here, uncontradicted testimony indicates that Henderson's wife performed all of these functions, plus assisting him in rising and in donning therapeutic apparatus. His psychiatrist confirmed that his psychiatric condition superimposed on the related back injury resulted in the need for this assistance.
The award of attendant care benefits is supported by CSE and we affirm.
We do not address the E/C's contention that the award was inappropriately made from the date of the accident rather than the date of the claim, as this question was not substantially raised before the deputy and consequently is not preserved for review by this court. See Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
BOOTH and BARFIELD, JJ., concur.