PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding claimant, inter alia, $4,800 for eight weeks of attendant care rendered by her parents beginning February 24, 1983, plus interest thereon, and $35 per week beginning April 22, 1983, and continuing, for attendant care services. The employer/ carrier argue that the award of attendant care services rendered prior to a request for such services should be reversed. However, the employer/carrier did not raise this issue before the deputy commissioner, and thus the question is not preserved for review. Don Harms Plumbing Co., Inc. v. Henderson, 454 So.2d 745 (Fla. 1st DCA 1984), Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982). We affirm the award for attendant care services for the eight-week period following claimant’s discharge from the hospital since there is competent, substantial evidence that the services provided by claimant’s parents were necessary and beyond those normally provided by family members gratuitously. Don Harris Plumbing Co., Inc. v. Henderson, supra. We must reverse that portion of the second award of attendant care services which the record shows is reimbursement for household services performed by claimant’s parents, since such services, when performed by a family member living with the claimant, are presumed to be gratuitous. Sheraton Bal Harbour v. Platis, 447 So.2d 987, 988 (Fla. 1st DCA 1984). However, we affirm that part of the second award, prospective in nature, which requires the employer/carrier to pay claimant $35 per week, inasmuch as the award permits the claimant to hire someone to perform those household duties which competent, substantial evidence establishes claimant cannot perform without possible endangerment to her life.
Affirmed in part and reversed in part.
BOOTH, SMITH and THOMPSON, JJ., concur.