468 So.2d 311 (1985)
Larry J. NICHOLASON, Appellant,
v.
Adair H. BRYANT, Formerly Adair Nicholason, Appellee.
No. 84-518.
District Court of Appeal of Florida, Fifth District.
April 4, 1985.
Rehearing Denied May 10, 1985.
Dennis R. O'Connor of Gurney & Handley, P.A., Orlando, for appellant.
Michael Sigman, P.A., Orlando, for appellee.
COBB, Chief Judge.
Pursuant to a settlement agreement, the appellant, Larry J. Nicholason, was ordered to pay $125.00 biweekly for the support of his two minor children in a dissolution judgment. The wife subsequently petitioned for an increase in support payments. After an evidentiary hearing, which was unreported, the trial court doubled the payments, resulting in this appeal.
Although the financial affidavits of the parties introduced at trial indicate that appellant may well have had a persuasive case for reversal of the modification with a proper record, we are left with no viable alternative but to affirm in the face of a factual determination by the trial court based on the presentation of evidence at an unreported hearing. We write to remind counsel in such situations that Florida Rule of Appellate Procedure 9.200(b)(3)[1] establishes *312 a procedure whereby a record may be presented on appeal despite the absence of a reporter at the relevant trial level proceeding. It should be utilized in all instances such as that which we are now asked to review  but cannot.
For the foregoing reasons, the modification order entered below on March 5, 1984, is affirmed and the appellee's motion for attorney's fees on appeal, based upon the "spurious" nature of this appeal (i.e., based upon section 57.105, Florida Statutes), is granted.
AFFIRMED and REMANDED for assessment by the trial court of reasonable attorney fees for appeal.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Rule 9.200(b)(3) provides:

If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.