ERVIN, Judge.
The employer/carrier (e/e) appeals an award by the deputy commissioner (dc) of rehabilitation benefits pursuant to Section 440.49, Florida Statutes. We affirm.
The e/e argues on appeal that it was not given the opportunity to evaluate the necessity and appropriateness of the proposed treatment program, or to select the rehabilitation provider. We decline to address these issues on the merits, in that we find from our review of the record that the e/e did not preserve the issues it now complains of, and, therefore, has waived such questions on appeal. Prestressed Systems v. Goff, 486 So.2d 1378, 1380 (Fla. 1st DCA 1986); Florida Medical Center v. Renzi, 464 So.2d 231, 232 (Fla. 1st DCA 1985); Sunland Hospital v. Garrett, 415 So.2d 783, 784-85 (Fla. 1st DCA 1982).
The record does not contain the arguments of counsel. The record is moreover silent as to why the motion to compel rehabilitation benefits was resisted by the e/e, although it appears from the questions directed by the e/e during cross-examination of the witnesses that the e/e opposed the motion on the basis that claimant had not suffered any permanent impairment, and therefore was not entitled to rehabilitation benefits under Section 440.49, Florida Statutes (1983). We refuse to accept the argument, that by simply opposing the motion for rehabilitation benefits, any legal theory in defense thereto is necessarily preserved for appellate review, despite the absence of such theory in the record below.
The appellant states in its reply brief that “discussions” between the dc and counsel for the appellant and appellee were held prior to the recording of the proceedings below. The e/e does not, however, disclose the nature of the discussions, or argue that such discussions should have been included in the record on appeal. Florida Rule of Appellate Procedure 9.200(e) places the responsibility on the appellant to ensure that the record is prepared and transmitted to this court. Starks v. Starks, 423 So.2d 452, 453 (Fla. *1380 1st DCA 1982). Because the appellant could have attempted to supplement the record by stipulated statement pursuant to Rule 9.200(f), or by preparing a statement of the proceedings pursuant to 9.200(b)(3), it cannot now argue issues that it failed to include in the record transmitted to this court. See Nicholason v. Bryant, 468 So.2d 311 (Fla. 5th DCA 1985). Moreover, since the record before this court does not appear incomplete, we refuse to delay further the disposition of this cause by ordering appellant to supplement the record pursuant to Rule 9.200(f)(2).[1]
AFFIRMED.
SHIVERS, J., concurs.
THOMPSON, J., dissents with written opinion.

. The Committee Notes to Rule 9.200(f) state in part: “The rule is not intended to cure inadequacies in the record which result from the failure of a party to properly make a record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record before the lower tribunal.” (e.s.)