PER CURIAM.
This cause is before us on appeal from an order awarding attendant care benefits and setting claimant’s average weekly wage. Appellants/cross-appellees contend that the judge of compensation claims erred in awarding attendant care benefits for purely household services. Claimant/cross-appellant contends that the JCC erred in calculating the average weekly wage based on part-time employment.
Section 440.13(2)(f), Florida Statutes (1990 Supp.), states in pertinent part:
The employer shall provide appropriate professional or nonprofessional custodial care when the nature of the injury so requires and -is performed at the direction and control of a physician.
“Attendant or custodial care” means care usually rendered by trained professional attendants and beyond the scope of household duties.
The foregoing statute applies to the services rendered here and precludes recovery of attendant care benefits for ordinary household services. Mr. C’s T. V. Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990). Therefore, we reverse the award of attendant care benefits.
With regard to the cross-appeal, although the record would support a determination of average weekly wage based on part-time employment, the JCC failed to make the necessary findings. Eaton v. Pinebrook Place Health Care, 506 So.2d 1148 (Fla. 1st DCA 1987); see also Richardson v. Morrell’s, Inc., 570 So.2d 1076 *639 (Fla. 1st DCA 1990). Therefore, we must reverse and remand for the requisite findings concerning part-time employment.
Accordingly the order is reversed and remanded for proceedings consistent herewith.
BOOTH, BARFIELD and ALLEN, JJ., concur.