MICKLE, Judge.
The former wife appealed from a final order characterizing an intended monetary award from Appellee (the former husband) to her as a “division of property” rather than “support.” We reverse and remand with directions to the trial court to hold an eviden-tiary hearing to permit the parties to present extrinsic evidence clarifying their intent and purpose as to the former husband’s lump-sum payment to the former wife. Altman v. Altman, 585 So.2d 1127 (Fla. 1st DCA 1991).
In September 1991 and prior to dissolution, the parties signed a pro se “agreement for divorce” pursuant to which the former husband agreed to pay the former wife “a lump sum of thirty thousand dollars, at time of settlement.” That amount represented approximately one-half of an expected workers’ compensation settlement award that the former husband subsequently received. The parties’ agreement was incorporated by reference into the June 1992 final judgment of dissolution of marriage. In her petition for contempt and other relief, supported by an affidavit, the former wife alleged 1) that the former husband had paid her none of the $30,000 due and 2) that at the unrecorded hearing on the final judgment of dissolution in June 1992, the former husband had defrauded the court: to wit, that he had perjured himself when he informed the trial court that he had not yet received the settlement award and did not know the specific amount. The former husband denied the allegations and asserted, as an affirmative defense, that the lump-sum $30,000 amount constituted a division of property rather than support.
The parties agree that the general rule provides that the distribution of property — as distinguished from obligations in the nature of alimony, support, or maintenance— is not enforceable by contempt. Porter v. Porter, 521 So.2d 290 (Fla. 1st DCA 1988); Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985). See also Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989) (applying “analytical approach” to evaluate whether workers’ compensation award was separate property or marital property subject to distribution). Accordingly, the former husband moved for the trial court to determine whether the former wife’s share of the settlement award was a support provision or a division of property. The former wife alleges that at the unrecorded hearing on the motions in August 1993, her attorney diligently urged the trial court to hear and consider “readily available” evidence on the issue of the parties’ intent and purpose regarding the $30,000, but that the court declined to hear anything other than arguments of counsel. In the challenged order, the trial court reaffirmed that the former husband owes $30,000 (plus statutory interest) to the former wife but determined also that the sum in question “is a division of the parties’ property and is not enforceable by the contempt powers of this court.” The former wife’s motion for rehearing or reconsideration challenged that finding.
The parties’ pre-dissolution agreement, ratified by the trial court in the final *1169 judgment of dissolution, constitutes a contract subject to the general rules enumerated in Bingemann v. Bingemann, 551 So.2d 1228, 1281-82 (Fla. 1st DCA 1989), rev. den., 560 So.2d 232 (Fla.1990) (plain meaning of contract terms presumptively applies; trial court should treat unambiguous written terms as evidence of contract’s meaning and parties’ intent; and in construing agreement, court should place itself in parties’ position at time of execution to determine their objectives). See Florida Power Corp. v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671, 674 (1944). Under the express terms of the pre-dissolution agreement, the former husband agreed to give the former wife $30,000 in a lump sum. In incorporating the parties’ rather inartfully drafted agreement, the trial court simply set forth certain guidelines for determining the amount of the former wife’s share of the settlement award, in the event that the workers’ compensation amount were other than what the parties apparently expected. The issue of the intended purpose of the $30,000 did not arise until the former husband failed to pay and the former wife sought contempt relief. Because the pre-dissolution agreement, as ratified, failed to meet the test to be “clear, complete and unambiguous” as to whether the parties intended the former wife’s $30,000 share to be support rather than a division of property, the trial court was required “to ascertain, insofar as possible, the intent of the parties.” Hunt v. First Nat'l Bank of Tampa, 381 So.2d 1194, 1197 (Fla. 2d DCA 1980). Under those particular circumstances, extrinsic evidence should have been admitted to explain the latent ambiguity relating to the intended purpose of the award. Howard v. Howard, 467 So.2d 768 (Fla. 1st DCA 1985). The failure to hear and consider such evidence constituted an abuse of discretion. See Altman, 585 So.2d at 1127; Ace Electric Supply Co. v. Terra Nova Electric, Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1973). Cf. Nicholason v. Bryant, 468 So.2d 311 (Fla. 5th DCA 1985) (trial court’s factual determination at unreported hearing was based on “presentation of evidence”). Upon remand, the parties will have the opportunity to present evidence to indicate their intent and purpose as to the $30,000.
REVERSED and REMANDED, with directions.
BOOTH, J., concurs.
BENTON, J., dissents with written opinion.