652 So.2d 509 (1995)
MONTGOMERY WARD and Aetna Life & Casualty Company, Appellants,
v.
Francoise LOVELL, Appellee.
No. 94-263.
District Court of Appeal of Florida, First District.
March 29, 1995.
Rehearing Denied April 28, 1995.
*510 Daniel DeCiccio and Wayne Johnson of DeCiccio & Associates, P.A., Orlando, for appellants.
Jerold Feuer, Miami, and Glen D. Wieland of Kelaher & Wieland, Orlando, for appellee.
KAHN, Judge.
The appellee, Francoise Lovell, sustained a compensable low back injury on August 7, 1990. In her deposition and at the hearing before the Judge of Compensation Claims (JCC), Lovell testified that, before her injury, she maintained a clean and orderly home: she vacuumed every two days; she dusted, mopped, and swept daily; she wiped down the cupboards every other day. Because performing these tasks now aggravates her back injury, she desired to have someone regularly clean her home according to her requirements. Consequently, she made a worker's compensation claim for attendant care benefits under section 440.13, Florida Statutes.
At the hearing, Lovell relied upon the testimony of her treating orthopedist. Without household help for cleaning and shopping, Lovell will, in the doctor's opinion, risk exacerbation and aggravation of her back condition, which could lead to the need for further medical treatment. She does not, however, need assistance with bathing or personal needs. The doctor suggested that she needed assistance two to three hours per day, five days a week. The JCC entered an order awarding the claimant attendant care benefits for household services at three hours a day, five days a week. The employer and carrier (E/C) have appealed. We reverse because the award contravenes the controlling statute.
In 1990, the Florida Legislature amended the worker's compensation statute and provided a definition of "attendant or custodial care." The amended subsection provides:
The employer shall provide appropriate professional or nonprofessional custodial care when the nature of the injury so requires and is performed at the direction and control of a physician. A physician must state that home or custodial care is necessary as a result of the accident and must describe with a reasonable degree of particularity the nature and extent of the duties to be performed. Family members may not be paid for such care unless prescribed by a physician and may only be compensated for such services which go beyond the scope of household duties performed gratuitously by a family member. "Attendant or custodial care" means care usually rendered by trained professional attendants and beyond the scope of household duties.

§ 440.13(2)(f), Fla. Stat. (Supp. 1990) (emphasis added). In 1992, this court applied the amended statute to preclude recovery of attendant care benefits for ordinary household services. J. Byrons v. Green, 602 So.2d 638 (Fla. 1st DCA 1992). In reversing the JCC's *511 award of such benefits for purely household services, the J. Byrons court did not comment on the effect of the 1990 amendment. Nonetheless, we discern from the language contained in the amendment that the legislature intended to generally exclude household duties from the category of medically necessary attendant care.
The denial of attendant care benefits for purely household services dates back to case law of the 1960s and is, therefore, not a novel concept. Indeed, in South Coast Construction Co. v. Chizauskas, the Florida Supreme Court determined that an E/C was not required to furnish "housekeeping and related services" for a worker blinded as a result of a compensable accident. 172 So.2d 442, 444 (Fla. 1965). Similarly, in Pan American World Airways, Inc. v. Weaver, the supreme court refused to allow compensation benefits for general household services even though the claimant was permanently and totally disabled. 226 So.2d 801, 802-03 (Fla. 1969). This court has followed these decisions and found household services non-compensable. See, e.g., Barkett Computer Serv. v. Santana, 568 So.2d 520, 521-22 (Fla. 1st DCA 1990); City of Leesburg v. Balliet, 413 So.2d 860, 861 (Fla. 1st DCA 1982). Thus, by providing a definition excluding household services from attendant care benefits, the legislature merely reiterated and codified a concept found in existing case law, and did not, contrary to the appellee's argument, eliminate a "medically necessary benefit."
"Medically necessary" constitutes the general defining term under which all compensable benefits awarded under section 440.13, Florida Statutes, must fall. In Marlowe v. Dogs Only Grooming, 589 So.2d 990, 993-94 (Fla. 1st DCA 1991), a case decided before the 1990 amendments, this court analyzed attendant care benefits in light of the statute requiring the employer to furnish to the employee "such medically necessary remedial treatment, care, and attendance by a health care provider... ." See § 440.13(2)(a), Fla. Stat. (1989). Attendant care, as a worker's compensation benefit, is available only pursuant to the medical necessity statute. Examples of the types of services that can constitute attendant care include bathing, dressing, administering medication, and assisting with sanitary functions. Sealey Mattress Co. v. Gause, 466 So.2d 399, 400 (Fla. 1st DCA 1985). Further, as the Marlowe court explained, "[s]upportive services such as driving the claimant to the store and other places, other than transportation necessary for medical treatment pursuant to section 440.13(6), constitute quality of life activities indemnified under disability compensation benefits rather than attendant care service that is medically necessary." 589 So.2d at 994 (footnote omitted). In light of Marlowe, therefore, appellee's argument that the legislature has eliminated a "medically necessary benefit," specifically housekeeping services, lacks merit. See also Timothy Bowser Const. Co. v. Kowalski, 605 So.2d 885, 887 (Fla. 1st DCA 1992) (claimant not entitled to transportation for outings including trips to the grocery store, the mall, the beach, homes of family, and movies, despite medical testimony that such activities are "reasonably medically necessary for claimant... ."); Delong v. 3015 West Corp., 558 So.2d 108 (Fla. 1st DCA 1990) (lawn care service was not a medical necessity, despite physician's testimony that it was "medically necessary" for someone other than claimant to mow the lawn).
In the 1990 amendments, the legislature did not change the definition of "medically necessary." Thus, when the legislature excluded household services from its definition of "attendant or custodial care," presumably it knew this exclusion would apply despite medical testimony that a compensable condition would render it difficult, or even unwise, for a particular claimant to perform certain household duties.[*] On its face, however, the *512 statute does not prohibit the performance of household duties by an attendant who is otherwise medically necessary, such as in the case where a helpless claimant requires sitting services. See, e.g., Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla. 1961) (massive brain damage rendered claimant incapable of taking care of simplest needs and required someone attend to him during his every waking hour). In this case the claimant sought specifically, and the JCC awarded, housekeeping services, the need for which was occasioned by her back injury. The plain meaning of the statute controls and precludes the recovery of attendant care benefits for such services.
Appellee further argues that the legislative attempt to exclude housekeeping services from attendant care benefits violates her right to privacy, her due process rights, and her right of access to courts. We find no colorable constitutional issue in the legislative excision of "household duties" from the category of benefits available in a worker's compensation medical claim.
REVERSED.
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[*] In Khawam v. Collision Clinics International, Inc., 413 So.2d 827, 829 (Fla. 1st DCA 1982), the court stated:

[I]t is the need for, rather than the nature of the attendant care services generated as a result of a compensable injury which determines whether those services are to be provided by the employer/carrier.. . (emphasis in original).
To the extent this statement remains viable in light of the 1990 statute, Khawam is clearly distinguishable. Claimant in that case was legally blind. His refusal to accept his disability gave rise to physical danger in the event he were left alone. 413 So.2d at 828.