670 So.2d 125 (1996)
Francie DIANA, Appellant,
v.
HLS COMPANIES and CNA Insurance Companies, Appellees.
No. 94-4203.
District Court of Appeal of Florida, First District.
March 11, 1996.
Rehearing Denied April 12, 1996.
*126 Barbara E. Schnepper of Barbara E. Schnepper, P.A., Miami, for Appellant.
Jacqueline M. Gregory of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, P.A., Miami Lakes, for Appellees.
DAVIS, Judge.
Francie Diana (the claimant) appeals the decision of the Judge of Compensation Claims (JCC) determining that she was not entitled to receive permanent total disability benefits earlier than the date upon which the employer and carrier (e/c) administratively accepted her as permanently totally disabled (PTD); denying her claim for an adjustment to her average weekly wage to account for asserted fringe benefits of rent and utility costs; and denying a claim for attendant care. We affirm.
The claimant, Ms. Diana, was injured on May 11, 1990. She fell on some muddy steps coming out of a trailer at her job site. There was no dispute over the compensability of her injury. She suffered physical injuries to her leg and has also incurred compensable psychological injuries. The JCC denied her claim seeking PTD benefits and supplemental benefits from the date the claimant achieved maximum medical improvement (MMI) from her physical injury. Ms. Diana bases her claim that she was PTD as of that date upon testimony of her treating physician. However, that physician's deposition testimony was internally inconsistent. The JCC's order expressly resolves the conflicts in the testimony by concluding that the claimant was not PTD as of her physical MMI date; that conclusion is a reasonable interpretation of the testimony of the doctor, and is therefore supported by the evidence. In the absence of evidence that claimant was PTD on her MMI date, the JCC did not err by ruling that PTD benefits should have commenced on the date the claimant was administratively accepted as PTD. See Townsend & Bottom v. Bonds, 610 So.2d 619 (Fla. 1st DCA 1992); Marvin v. Rewis Roofing, 553 So.2d 314 (Fla. 1st DCA 1989). There was also competent substantial evidence to support the decision of the JCC to deny the requested adjustment to the claimant's average weekly wage.
The JCC denied the claim for attendant care on three alternative grounds. First, the JCC ruled that the law in effect at the time of the claimant's injury did not permit an award of attendant care to assist with household services. That was an error. Indeed, this court recently recognized that there were numerous cases permitting such awards. Beverly Enterprises v. Collingsworth, 670 So.2d 102 (Fla. 1st DCA 1996).
The JCC also erred by ruling that the amendment to section 440.13(2)(f), adding language describing attendant care as "beyond the scope of household duties" could be applied to preclude an award for such services after the effective date of the statute without regard to the date of the claimant's injury. The amendment became effective July 1, 1990, and the claimant's accident was May 11, 1990. To the extent that this statutory language might be read to constitute a substantive change, it may not be applied *127 retroactively. Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), cert. denied mem., 133 So.2d 647 (Fla.1961).
However, the JCC properly denied this claim for attendant care based upon the alternative theory that the claimant's proof of the quantity, quality or duration of the care requested was not sufficient. The burden is on the claimant to prove by competent, substantial evidence the quantity, quality, and duration of the compensable attendant services claimed. Perez v. Pennsuco Cement Aggregates, 504 So.2d 1274, 1276 (Fla. 1st DCA 1986)(quoting Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983)). Attendant care services are generally not compensable "when those services merely reflect a claimant's individual choice as to `quality of life'" Beverly Enterprises v. Collingsworth, 670 So.2d 102 (Fla. 1st DCA 1996). Much of the attendant care sought by Claimant was for non-compensable "quality of life choices," and the evidence was not sufficiently specific to permit a reasoned determination of how many hours of care were compensable and how many were to be devoted to non-compensable "quality of life choices." It is clear from the record therefore, that Claimant did not meet her burden of proving the quantity, quality, and duration of the compensable attendant services claimed.
Accordingly, we affirm as to all issues.
ALLEN and KAHN, JJ., concur.