959 So.2d 318 (2007)
SOUTHWOOD TIMBER CO. and Tig Specialty Insurance, Appellants,
v.
Alfred HICKS, Appellee.
No. 1D05-3045.
District Court of Appeal of Florida, First District.
May 17, 2007.
*319 Kevin G. Malchow and Keef F. Owens, of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Arthur C. Beal, Jr., of Arthur C. Beal, Jr., PA, Tallahassee, for Appellee.
PER CURIAM.
Southwood Timber Co. and TIG Specialty Insurance, the employer and carrier, appeal a workers' compensation order awarding Alfred Hicks, the claimant, attendant care benefits from the date of hearing. We affirm the award of attendant care benefits, but remand for clarification of the tasks to be performed and time required. The remaining issues raised on appeal are affirmed.
The claimant was rendered a T3 paraplegic when he was struck by falling timber in 1974. The claimant was eighteen years old at the time of the injury. In a petition for benefits dated August 26, 2004, the claimant sought attendant care benefits. The judge of compensation claims awarded attendant care benefits "for no more than 20 hours per week and for such time as said attendant care services are necessary and proper."
The employer and carrier argue that the Judge of Compensation Claims erred in awarding attendant care for household services, and that cases allowing attendant care for household services were superceded by the statutory definition of attendant care. We disagree.
At the time the claimant was injured, section 440.13(1), Fla. Stat. (1974), provided:
Subject to the limitations specified in paragraph (3)(b), the employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period as the nature of the injury or the process of recovery may *320 require, including medicines, crutches, artificial members, and other apparatus.
There was no definition of attendant care. The Judge of Compensation Claims correctly found this case to be similar to the circumstances in Walt Disney World Company v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). See also Beverly Enters. v. Collingsworth, 670 So.2d 102 (Fla. 1st DCA 1996)[1]; Diana v. HLS Cos., 670 So.2d 125 (Fla. 1st DCA 1996)[2].
Although the Judge of Compensation Claims did not err in awarding attendant care benefits in this case, the order does not clearly set forth the specific type and amount of attendant care services that should be performed in the future. Accordingly, we reverse that portion of the order awarding attendant care benefits for "no more than 20 hours per week" and remand for a determination of the specific number of hours and the specific types of compensable attendant care services which are to be awarded. On remand, the Judge of Compensation Claims may take additional evidence if deemed necessary.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, BENTON, and POLSTON, JJ., Concur.
NOTES
[1] Although "the general rule [is] that ordinary services of a purely household nature are not usually compensable, especially when those services merely reflect a claimant's individual choice as to `quality of life.,'" numerous "decisions of this court have established that there are a variety of situations in which household services may be awarded." Diana v. HLS Cos., 670 So.2d 125 (Fla. 1st DCA 1996).
[2] "The JCC erred by ruling that the amendment to section 440.13(2)(f), adding language describing attendant care as `beyond the scope of household duties' could be applied to preclude an award for such services after the effective date of the statute without regard to the date of the claimant's injury. The amendment became effective July 1, 1990, and the claimant's accident was May 11, 1990. To the extent that this statutory language might be read to constitute a substantive change, it may not be applied retroactively." Diana v. HLS Cos., 670 So.2d 125, 126-127 (Fla. 1st DCA 1996).