PER CURIAM.
 

 In this workers’ compensation appeal, the Employer/Carrier (E/C) raises three points alleging error. We affirm the first two points without further comment; however, we reverse the third point, concerning the JCC’s failure to identify the specific type of attendant care services to be performed in the awarded eight hours of attendant care.
 

 Competent, substantial evidence supports the JCC’s finding that Claimant is entitled to non-professional attendant care services. From the JCC’s order, however, it cannot be determined how many of the awarded hours of care are devoted to com-pensable tasks and how many, if any, are devoted to non-compensable household duties. Because much of the evidence received at the final hearing related to Claimant’s need for assistance with non-compensable household tasks, such as cleaning, laundry, and yard work, we reverse and remand the JCC’s order for a determination of the types of compensable attendant care services awarded.
 
 See Southwood Timber Co. v. Hicks,
 
 959 So.2d 318 (Fla. 1st DCA 2007) (holding that the JCC erred by “failing to set forth the specific type and amount of attendant care services that should be performed in the future”);
 
 Rockette v. Space Gateway Support,
 
 877 So.2d 852 (Fla. 1st DCA 2004) (remanding for the JCC to make findings of fact as to number of hours reasonably expended by claimant’s wife for care that went beyond ordinary household duties). In particular, on remand, the JCC should identify the precise services awarded in accordance with the principles announced by this court in
 
 Montgomery Ward v. Lovell,
 
 652 So.2d 509 (Fla. 1st DCA 1995). In all other respects, the JCC’s order is affirmed.
 

 AFFIRMED in part and REVERSED in part and REMANDED.
 

 DAVIS, CLARK, and WETHERELL, JJ., concur.