377 So.2d 795 (1979)
BORDEN, INC. and Insurance Company of North America, Appellants,
v.
David C. BUTLER, Appellee.
No. QQ-27.
District Court of Appeal of Florida, First District.
December 10, 1979.
H.H. Whaley and Susan R. Whaley of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
W. James Kelly of Philpot & Kelly, P.A., Lakeland, for appellee.
PER CURIAM.
Appellant contends the judge of industrial claims erred in failing to credit the employer/carrier with unemployment compensation received by the claimant during the same time period the claimant was awarded temporary total disability benefits. We find that the judge did not err in failing to credit the employer/carrier with unemployment compensation received by the claimant because the question was not properly raised at the hearing level.
Section 440.15(11), Florida Statutes (1977), provides that temporary total disability benefits must be reduced by the amount of unemployment compensation simultaneously received by the claimant. The unemployment compensation set-off, like the Social Security set-off under Section 440.15(10), Florida Statutes (1977), is self-executing, giving rise to a continuing right and responsibility on the part of carriers to compute the correct set-off at the time a payment of compensation is due. Cf. Patrick Fruit Co. v. Boykins, IRC Order 2-3904 (September 11, 1979). The carrier's election to take the set-off may apply only prospectively as to compensation paid after such election and after the claimant has commenced receiving his unemployment compensation. Cf. Beulah Baptist Church v. Brantley, IRC Order 2-3907 (September 11, 1979).
In this case, the record before the court is inadequate to indicate the proper amount of the unemployment set-off. However, the carrier is free to make this computation on its own and deduct the amount from its award to the claimant. Should the claimant disagree with this computation, he may file a claim and have the *796 matter determined by the judge. Cf. Town Drug, Inc. v. Maples, IRC Order 2-3389 (April 5, 1978). As the record now stands, neither this court nor the judge below can properly determine the amount of the unemployment compensation set-off.
In keeping with this observation, the order is affirmed on all points on appeal.
SHIVERS, Acting C.J., and SHAW and WENTWORTH, JJ., concur.