409 So.2d 1153 (1982)
Floyd LISTER and Corporate Group Service, Inc., Appellants,
v.
Lavere WALKER, Appellee.
No. ZZ-227.
District Court of Appeal of Florida, First District.
February 16, 1982.
*1154 Thomas J. Maida of McConnaughhay & Roland, Tallahassee, for appellants.
Steve M. Watkins of Watkins, Hill & Marts, Tallahassee, for appellee.
McCORD, Judge.
This is an appeal from a workers' compensation order directing appellants to resume payment of permanent total disability benefits to appellee.
Appellee suffered amputation of the left leg above the knee as a result of an industrial accident in 1958. He was found to be permanently partially disabled by the deputy commissioner but ten years later was adjudged permanently totally disabled and was awarded benefits accordingly. At the time of the accident, appellant's average weekly wage was $40 and his compensation $24 per week.
In March 1976 appellee was hired by the State of Florida at Fort Gadsden State Park in Gadsden County. His earnings in that employment are slightly over $300 per month. In June or July 1980 (the exact date is in dispute in the record) the appellants suspended payment of benefits on the ground that appellee was working. Appellee filed a claim for resumption of benefits, and appellants defended the claim contending they are entitled to an offset under § 440.15(1)(d), Fla. Stat. (1975), from March 15, 1976, to the present. Appellants also contended that appellee is no longer permanently totally disabled. After hearing, the deputy commissioner found that appellee remained permanently totally disabled and that appellants were not entitled to a set-off because the above statute is substantive in nature and was not in effect at the time of appellee's accident; that appellants were not entitled to unilaterally suspend payment of permanent total disability benefits. The deputy commissioner ordered a resumption of payment of permanent total disability benefits from the date the benefits were suspended.
As to whether or not appellee is permanently totally disabled, the record shows that he is 70 years of age, that his leg was amputated above the knee, that he has back problems and is in continuous pain, that he is unable to wear a prosthetic leg because of his medical condition involving tremors and jerking of the stump. His employment is as relief for the park ranger on the ranger's day off. His duties consist of observing for fires and vandalism and patroling the park in the state vehicle which he can drive with his disability. He maintains an attendance count of park visitors and spends considerable time in a wheel chair in a picnic shelter which affords a good view of the major area of the park. His employment also involves cleaning the restrooms and picking up trash in the picnic area, but he and his wife live only onefourth mile from the park and she performs for him these clean-up duties which entail *1155 only 30 minutes a day. There is competent substantial evidence in the record that, were it not for the job he has, his condition is such that he would not be employable in the open labor market. Thus, under the "odd-lot" doctrine, appellee remains permanently totally disabled. Professor Arthur Larson, in his treatise on the Law of Workmen's Compensation, in discussing this doctrine says:
... Under the odd-lot doctrine, which is accepted in virtually every jurisdiction, total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. The essence of the test is the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps.
Larson, Workmen's Compensation Law, Vol. II, Section 57.51, pages 10-164.24, 10-164.49. Also compare Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960).
We consider now the question of whether or not Section 440.15(1)(d), Florida Statutes (1975), requires an off-set of appellee's wages against his permanent total disability benefits. As previously stated, appellee's accident occurred in 1958, and he was found permanently partially disabled by the deputy commissioner. Section 440.15(1)(d), Florida Statutes (1959), was enacted approximately one year after appellee's injury but several years before appellee was adjudicated permanently totally disabled. It provides as follows:
If an employee who is being paid compensation for permanent total disability shall become rehabilitated to the extent that he shall establish an earning capacity by employment he shall be paid during the period of such employment, instead of the compensation provided in paragraph (a) [benefits for permanent total disability], 60 percent of the difference between his average weekly wages at the time the total disability was incurred and his wage-earning capacity as determined by his actual earnings in such employment.
Appellee contends that this statute is substantive and does not apply to him because it was enacted after his injury. Appellant contends that the statute is procedural and, therefore, does apply to appellee. It is unnecessary that we decide this question, however, because the statute applies only to permanent total disability. At the time it was enacted, appellee was not permanently totally disabled but was permanently partially disabled. Since his permanent total disability came about while the statute was in force, it is applicable to him and requires the off-set. Also, the off-set is self-executing, just as a social security off-set and an unemployment compensation off-set are self-executing. See Florida Power & Light Co. v. Adkins, 377 So.2d 57 (Fla. 1st DCA 1979), and Borden, Inc. v. Butler, 377 So.2d 795 (Fla. 1st DCA 1979). Section 440.15(1)(d) was amended in 1979, effective August 1, 1979, but under neither the original law nor the amendment is appellee presently entitled to workers' compensation benefits because he is now earning more than his average weekly wage at the time of his injury. Appellants were, therefore, correct in suspending payments, but appellants are not authorized to retroactively apply the off-set to recover past payments made to appellee. Florida Power & Light Co. v. Adkins, supra, and Borden, Inc. v. Butler, supra.
Affirmed in part and reversed in part.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.