443 So.2d 326 (1983)
Rosa Lee HALL, Appellant,
v.
CITY OF JACKSONVILLE and Travelers Insurance Company, Appellees.
No. AS-99.
District Court of Appeal of Florida, First District.
December 28, 1983.
Rehearing Denied January 16, 1984.
*327 Jack Bettman, Jacksonville, for appellant.
E. Robert Williams and James H. McCarthy, Jr., Jacksonville, for appellees.
NIMMONS, Judge.
Hall appeals the deputy commissioner's order denying her petition for modification asserting entitlement to permanent total disability (PTD) or a greater percentage of permanent partial disability (PPD) benefits than the 20% PPD awarded in the original order entered March 9, 1978. We affirm.
In the modification proceedings, Hall asserted that there had been a change of condition under Section 440.28, Florida Statutes, because her disability[1] had changed since the original hearing. The principal evidentiary predicate presented by Hall was her work search conducted prior to the second hearing and testimony of a vocational rehabilitation expert that she was unemployable.
The deputy's order denying the petition is brief and is set forth as follows:
THIS CAUSE having come on for hearing, the undersigned finds:
1. The claim was predicated on a petition for modification which was predicated in turn on an alleged change of condition which was predicated in turn on a recent job search.
2. The prior Order, however, was not decided on the basis of the adequacy or inadequacy, presence or absence of a job search. Indeed the prior Order recognizes that Claimant has a large disability. Presumably such a disability would make Claimant's future employment difficult or impossible. The prior Order, however, turned on the fact that only a fraction of Claimant's physical disability had been shown to be related to the accident. The rest of her disability arose after the accident.
3. Because of the foregoing, the claim should be denied.
Whereupon, it is, therefore,
ORDERED AND ADJUDGED that the claim is denied.
The initial 1978 order awarded 20% PPD, 10% of which was attributable to the surgery necessitated by the compensable accident and 10% of which was attributable to the effects of obesity. That order went on to recite, in part:
9. Claimant doubtless has a much greater disability, which disability is in fact increasing; because this is due to a degenerative arthritic condition which was not shown to be connected to the accidents.
10. Claimant was not shown to have sustained a loss of wage earning capacity in excess of 20% based on the residuals of the surgical procedure augmented by the obesity.
After close examination of the record in this case, we have been unable to find any evidence indicating any change in condition either in terms of the claimant's physical condition or wage earning capacity. We recognize that a Section 440.28 change in condition should be construed so as to encompass a change in wage earning capacity even though the claimant's physical condition remains unchanged and even though the original award was based on physical impairment and no economic loss. See DuPont Plaza Hotel v. Schiffman, IRC Order 2-2326 (1973), cert. denied, 291 So.2d 5 (Fla. 1974), and Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982). However, in the case at bar, no effort was made to demonstrate that claimant's employability or wage earning capacity was any different than it was at the time of the initial hearing or that the loss was attributable in any different proportion to compensable or noncompensable causes. The testimony of both the claimant and her vocational rehabilitation expert was that claimant's employability was the same at the time of the second hearing as it was when the first hearing was held. Further, appellant states in her brief that *328 at the second hearing, "claimant presented evidence that she was no more able to engage in employment in the open labor market then than she had been at the time of the first hearing."
To construe Section 440.28 to permit modification of the first order under the evidence which was presented to the deputy in this case would, in our view, render nugatory the legislative standard of "change in condition." We do not believe that the court in Flesche intended to extend the meaning of "change in condition" to include a situation where, as here, the claimant's own evidence affirmatively showed there was no change of condition either in terms of physical condition or wage earning capacity.
The order denying claimant's petition for modification is AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Section 440.15(3)(u), Florida Statutes (1977), provides that "disability" means either physical impairment or diminution of wage earning capacity, whichever is greater.