448 So.2d 47 (1984)
WHITEHALL CORP. (Crystek Corp.) & Travelers Ins. Co., Appellants,
v.
Raymond Levie DAVIS, Appellee.
No. AT-346.
District Court of Appeal of Florida, First District.
April 3, 1984.
*48 Peter C. Burkert, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Ronnie Klein Witlin, of Witlin & Witlin, Miami, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order by which claimant was awarded wage loss benefits for the period between November 1981 and April 1983. We affirm because we find that the record contains sufficient evidence of a good-faith work search, and that the deputy did not err in concluding claimant is limited in his employability and in excusing late filing of wage loss forms.[1]
Claimant sustained industrial injury in November 1979 upon inhaling toxic chemical fumes while using triclorethylene to clean machinery. He suffered permanent neurological damage and an "electrically unstable brain," reaching maximum medical improvement in November 1980[2] with a later assessed AMA Guides rating of 25-40% permanent impairment. Continuing symptomatology included frequent severe disabling headaches, chest pains and dizzy spells, sensitivity to bright light, and occasional numbness in his hand. Claimant currently receives various medications which the order found to have soporific effects.
Claim was made on October 15, 1982, for wage loss benefits commencing in October 1981, and a hearing was held in May 1983. At the hearing claimant detailed numerous specific unsuccessful employment contacts which he had made, but could identify only four specific potential employers among the many contacts he said he made between November 1981 and October 1982.[3] He did testify as to frequent visits to Florida State Employment Service throughout this period of time, as well as general efforts prompted by "help wanted" ads in the classified section of the newspaper.
The adequacy of a job search is of course dependent upon the particular circumstances affecting the period in question[4] and is essentially a factual issue for *49 the deputy's determination. See Clay Hyder Trucking v. Persinger, 416 So.2d 900 (Fla. 1st DCA 1982). While the work search evidence in the present case borders on the limits of specificity referenced in recent opinions, we conclude that the record factors above recited support the deputy's finding that no voluntary limitation of income was shown because under the circumstances "claimant has made an adequate job search ... [and] has not refused any work."
The order appealed is affirmed.
McCORD, Jr. (Ret.), Associate Judge, concurs.
MILLS, J., dissents with opinion.
MILLS, Judge, dissenting in part:
I dissent in part. I would reverse the deputy's award of wage loss for the periods of November 1981 through November 1982 and April 1983. Otherwise, I join the majority in affirming the deputy's award.
From November 1981 through October 1982, Davis made only four potential employment contacts. In November 1982 and April 1983, he made no employment contacts other than visiting the state employment service. This meager effort on the part of Davis was inadequate and failed to satisfy the job search requirement. Dave's Oyster Bar et al. v. Dicks, 444 So.2d 527 (Fla. 1st DCA 1984) [9 FLW 235].
NOTES
[1] The order finds that "the employer/carrier objects to the wage loss request forms not being filed. To this, the employee testified that since the final hearing previously held the carrier has not furnished such forms to him nor instructions for completing them. In the interim the claimant has changed attorneys. The claimant has obtained wage loss request forms with the assistance of the State rehabilitation nurse and has recently been filing them."
[2] Temporary disability compensation had been controverted and, after hearing, awarded from February through November 1980, and paid thereafter until May 1981. Wage loss for June and July 1981 was controverted and, after hearing, awarded with penalties in October 1981.
[3] The order, dated May 24, 1983, found "claimant has made an adequate job search which is well-documented for the last six months or so and credible for the period before that. The claimant has availed himself assiduously of the limited facilities available through the Florida State Employment Service as well as pursuing other job announcements. He has not refused any work. In the prior Order I expressed the opinion, which I still hold, that this claimant is employable and is not permanently and totally disabled and that he should be able to find work. He has been truthful with respect to prospective employers about the disabling condition of his permanent impairment and has not overstated his problems. The claimant has worked closely with the State rehabilitation nurse."
[4] Cf., Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982):

We submit ... that consideration of the factors [claimant's actual physical impairment, age, industrial history, training and education, motivation, work experience, work record, diligence and the like] is still required, as in the past, in determining the adequacy and good faith of the job search, and in determining under the 1979 amendments whether the employee has voluntarily limited his employment or failed to accept employment commensurate with his abilities.
Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982), notes:
We observe that the Supreme Court of Florida has quite recently and explicitly reemphasized the rule that when the claimant affirmatively demonstrates that `some effort' was made to obtain employment within his limitations, the burden shifts to the employer to demonstrate that suitable work is in fact available. Wright v. Gulf and Western Food Products, 401 So.2d 1316, 1318 (Fla. 1981). It follows that when the burden has properly been shifted to the E/C, and the E/C has failed to carry that burden at the initial hearing, then an award based on wage earning capacity loss is justified.