MILLS, Judge.
In this workers’ compensation action, the employer/carrier appeal from a modification order awarding permanent total disability benefits. We affirm.
Lyons was injured in an industrial accident on 10 November 1973. In 1982, the deputy issued an unappealed order awarding permanent partial disability benefits based on a 60 percent anatomical impairment of the body as a whole.
The deputy refused to assess any permanent disability based on loss of wage earning capacity, finding Lyons did not conduct an adequate job search. The refusal, however, was without prejudice, pursuant to Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982), to raise the issue again at a later date.
Subsequently, Lyons petitioned for modification, pursuant to Section 440.28, Florida Statutes (1983), alleging a change in physical condition and wage earning capacity. At the hearing on the petition, evidence of Lyons’ physical condition and evidence of a subsequent unsuccessful job search were admitted.
The deputy modified the 1982 order. He awarded permanent total disability benefits based on his finding that Lyons suffered a total loss of wage earning capacity.
The employer/carrier argue, among other things, that a subsequent adequate job search alone is an insufficient ground for modification based on a change in condition. We agree.
While Flesche holds that a finding of an inadequate job search is not res judi-cata, it does not hold that the mere fact of a subsequent adequate job search justifies modification. A claimant seeking modification based on a change in condition must show some evidence of a change in physical condition or wage earning capacity. Hall v. City of Jacksonville, 443 So.2d 326 (Fla. 1st DCA 1983).
But, in this case, there is competent substantial evidence that Lyons’ physical deterioration was substantial, greater than anticipated, and reduced his wage earning capacity. Thus, modification based on a change in condition was proper. The physical deterioration, coupled with the subsequent unsuccessful job search, was competent substantial evidence of permanent total disability.
The employer/carrier also challenge the deputy’s finding that the subsequent job search was adequate. From the evidence presented, we cannot say the deputy erred in deciding this essentially factual issue in favor of Lyons. See, Whitehall Corporation v. Davis, 448 So.2d 47 (Fla. 1st DCA 1984).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.