SHIVERS, Judge.
Appellant, Susan Lemieux, appeals the deputy’s denial of her workers’ compensation claim for temporary total or temporary partial disability benefits from March 1, 1985 to August 4, 1985. We affirm but modify the deputy’s order.
The claimant is a 41 year old registered nurse who sustained a knee injury on October 14, 1979 while employed by Palmetto General Hospital in Miami. Since her accident, the claimant has undergone multiple operations and continues to receive treatment. Since September, 1983 she has been involved in an approved retraining plan to have been completed through correspondence courses by March, 1985. The claimant was unable to finish her retraining within the approved time. The plan contemplated vocational placement assistance for six months prior to the termination of the claimant’s correspondence course in March, 1985. However, not until after the target date for completion had passed was claimant informed by the rehabilitation counselor that she would be required to look for work to receive further benefits.
The deputy’s final order denied both temporary total and temporary partial disability benefits for March 1, 1985 to August 4, 1985 based on claimant’s failure to conduct an adequate job search. The adequacy of a job search is dependent upon the particular circumstances affecting the period in question and is essentially a factual issue for the deputy’s determination. Whitehall Corporation v. Davis, 448 So.2d 47, 48 (Fla. 1st DCA 1984).
Competent, substantial evidence supports the deputy’s finding of an inadequate job search from March 1, 1985 to June 30, 1985. No job search forms were filled out by claimant for March, April and May. Her June job search form shows only ten phone calls to potential employers. Since claimant was studying by correspondence course, she had the ability to make phone calls from the comfort of her own home. She was also physically able to drive to interviews.
However, we modify that part of the order denying benefits for July 1 through August 4, 1985. Inquiry into the adequacy of claimant’s July 1 through August 4, 1985 work search was premature. The Florida Insurance Guaranty Association had not received the claimant’s July work search form until August 6, 1985 and at the time of the hearing had not determined whether it would pay benefits to the claimant. At the hearing, the deputy stated that claimant’s July work search was not ripe for determination. Furthermore, no testimony was taken as to the adequacy of claimant’s job search for July 1 through August 4, 1985. Therefore, we modify the deputy’s order to deny claimant benefits only from March 1, 1985 to June 30, 1985.
AFFIRMED as modified.
ERVIN and THOMPSON, JJ., concur.