510 So.2d 1069 (1987)
CITY OF MIAMI, Self-Insured, Appellant,
v.
James KNIGHT, Appellee.
No. BO-211.
District Court of Appeal of Florida, First District.
July 29, 1987.
Rehearing Denied September 1, 1987.
*1070 Lucia A. Dougherty, City Atty. and Jorge L. Fernandez, Asst. City Atty., Miami, for appellant.
Joseph C. Segor, Miami; and Williams & Zientz, Miami, for appellee.
MILLS, Judge.
The City of Miami appeals from an order of the deputy commissioner granting its petition for modification of a 1981 order effective on the date of the instant order. The City further challenges the deputy's award of an additional $414.00 per month in permanent total disability benefits commencing 14 May 1980 based on the alleged improper use of Knight's workers' compensation benefit to reduce his City pension, pursuant to City ordinance. Claimant Knight cross-appeals the grant of the petition for modification. We affirm in part and reverse in part.
On 25 November 1975, Knight sustained a compensable back injury. The City accepted him as permanently totally disabled on 23 May 1980 and commenced paying PTD benefits. On 7 April 1981, the parties submitted a "straight stipulation" to a deputy commissioner for approval. Paragraph 6(a) of the stipulation stated:
Employee/claimant, JAMES KNIGHT, was administratively accepted as permanently and totally disabled on May 23, 1980; and, the employer/self-insured, CITY OF MIAMI, shall continue payments for that classification of disability so long as employee/claimant remained (sic) permanently totally disabled.
The stipulation was approved by the D/C by order of 9 April 1981.
*1071 The City continued paying PTD benefits until 1 March 1985 when it filed a "notice of suspension of compensation", contending that Knight had demonstrated the ability to work; the City did not seek modification of the 1981 PTD stipulation before suspending benefits. The City's action was based on a 28 February 1985 "employee earnings report" (Form BCL-19) indicating that Knight had worked as an insurance investigator at an annual salary of $23,500 for the calendar year 1984. It is undisputed that Knight had worked in the job earning comparable annual salaries for virtually the entire period the City had been paying PTD benefits.
Knight filed a claim for resumption of his PTD benefit and, on 16 September 1985, the City filed the instant petition for modification pursuant to Section 440.28, Florida Statutes (1985), alleging that Knight had reestablished a wage-earning capacity and was no longer entitled to PTD. The City also indicated that the petition was being filed in an abundance of caution, no modification order being necessary in that Knight had been voluntarily accepted as PTD in 1980; the April 1981 order had merely recognized that fact. On 26 November 1985, Knight filed an amended claim seeking, in addition to resumption of PTD benefits, additional PTD benefits commencing 24 May 1980 "inasmuch as the City has been taking an unlawful offset of worker's compensation benefits and paying only the City pension."
Knight's claims for benefits and the petition for modification were heard between January and May 1986. On 30 January 1986, the City presented evidence showing that Knight commenced employment in 1981 investigating taxicab accidents and handling the resulting insurance claims. He worked six-hour days Tuesday through Friday, and was "on call" at night and on Saturdays. The employer testified that Knight did not get the job as a special favor or because of a social or blood relationship. The job was not specially created for Knight and he performed it well. Knight was not working at the time of the final order herein, having been laid off when his employer's insurance company took over accident investigations.
No further evidence was received on the issues of modification or entitlement to resumption of PTD. Sometime in early 1986, Knight sought a rule nisi from the circuit court pursuant to Section 440.24(1), Florida Statutes (1985), seeking to require the City to resume PTD benefits until the ruling on the petition for modification. On 30 May 1986, the circuit court entered an order requiring the City to pay PTD from 1 March 1985 until that ruling. The City did not appeal this order, and paid the benefits owed in a lump sum.
At a 13 May 1986 hearing, evidence was taken on Knight's claim of unlawful offset of compensation benefits. Pension administrator Elena Rodriguez testified that Knight's total City pension was $1918.00 per month, which amount was reduced by Knight's workers' compensation benefits pursuant to City ordinance.
The D/C entered his final order on 23 June 1986. He found that Knight had worked as an investigator from early 1980 until October 1985. Based on the additional findings that Knight's injuries did not affect his performance, and that the position was not created or adjusted for him nor was it "sheltered" employment, he granted the City's petition for modification, holding that Knight was no longer PTD, citing Hall v. City of Jacksonville, 443 So.2d 326 (Fla. 1st DCA 1983) (a "change in condition" sufficient to modify PTD can be found from a change in wage-earning capacity even though physical condition remains unchanged). The D/C did not specify a date other than that of the final order on which Knight's eligibility for PTD was to cease.
The D/C made no findings of fact with regard to Knight's claim of unlawful offset of worker's comp benefits. He simply held that, because Knight's pre-injury average monthly wage was $2332.00, and he had received $1918.00 a month in pension benefits, he was entitled to a workers' compensation benefit of $414.00 per month from 25 May 1980 to the date of the order. (The *1072 order states the amount as $400.14, but this is clearly a scrivener's error).
The City filed a motion for rehearing, alleging that the petition for modification should have been granted as of the date of its discovery of Knight's employment, 1 March 1985, and that the City should be granted credit against future benefits for any PTD benefits paid after that date. It also alleged that the additional monthly award was improper in that Knight had always been paid the full workers' compensation benefit to which he was entitled. His pension amount had simply been reduced by that benefit amount pursuant to City Code Section 40-207(J), held valid in Hoffkins v. City of Miami, 339 So.2d 1145 (Fla. 3d DCA 1976) cert. den. 348 So.2d 948 (Fla. 1977).
At the 17 July 1986 hearing on the motion, Knight's attorney appeared to concede that the City's position on the date for modification was correct, and the deputy requested preparation of an amendment to the final order establishing 1 March 1985 as the effective date of modification. However, Knight's attorney subsequently argued that the May 1986 circuit court order requiring payment of PTD until the ruling on the petition for modification required that the modification be effective only as of the date of that ruling. The D/C agreed, and held that the effective date of modification should remain the date of the final order, 23 June 1986. The motion for rehearing was denied as to the additional benefit award without elaboration.
The City alleges first that the deputy erred in failing to make the modification effective as of the date the City terminated benefits, 1 March 1985. Section 440.24(1), Florida Statutes (1985) provides that
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall have jurisdiction, upon application of any beneficiary under such order, to issue such final order as may be necessary to enforce the terms of such order of the deputy commissioner (emphasis supplied).
A carrier cannot unilaterally modify an order so as to oust the circuit court from its jurisdiction to enforce the order and a claimant is entitled to have such order enforced until the order has been modified by the deputy commissioner pursuant to application for modification pursuant to Section 440.28. Troy Desk Manufacturing Co., Inc. v. Troy, 448 So.2d 46 (Fla. 3d DCA 1984).
The City argues first that, because benefits were paid voluntarily and not pursuant to "a compensation order of a deputy commissioner", it was not required to seek modification before suspending Knight's benefits. However, by its May 1986 order requiring the City to pay PTD benefits from 1 March 1985 to the deputy's ruling on modification, the circuit court necessarily found that Knight had carried his burden to show that there had been a "default in the payment of compensation due under a compensation order of a deputy commissioner." The City did not appeal this order and in fact paid the benefits owed thereunder. We therefore find untimely and unpersuasive the argument that there was no compensation order requiring the payment of benefits.
The City's argument that there was ample evidence to support an establishment by the deputy of an earlier effective date for modification is equally unavailing, since there was competent substantial evidence in the record that Knight was entitled to receive compensation pursuant to the 1981 order until modification was granted. We therefore affirm the effective date for that modification established by the instant order.
The City next contends that, since Knight was always paid his full workers' compensation benefit, the additional amount awarded by the deputy was necessarily an additional pension benefit, which he had no jurisdiction to award. However, the issue raised by Knight and ruled on by the deputy below was his entitlement to additional workers' compensation benefits based on an allegedly improper offset. Determination *1073 of a claimant's right to compensation under Chapter 440 is clearly within the jurisdiction of the deputy, Jewel Tea Co., Inc. v. Florida Industrial Commission, 235 So.2d 289, 291 (Fla. 1970). We therefore affirm on the jurisdictional issue.
However, on the merits of the award of additional benefits, we must reverse. Appellee relies on a line of cases commencing with Jewel Tea, supra, to argue that the City cannot reduce Knight's pension by the amount paid him in workers' compensation benefits. However, these cases represent only the proposition that workers' compensation benefits cannot be reduced by any benefit to which the claimant is contractually entitled independently of workers' compensation. See Jewel Tea, supra (group insurance benefits); Brown v. S.S. Kresge Co., Inc., 305 So.2d 191 (Fla. 1975) (sick leave benefits); Domutz v. Southern Bell Telephone & Telegraph Co., 339 So.2d 636 (Fla. 1976) (pension benefits). The factual situation herein does not call for the application of this principle.
In this case, Knight was not paid the total of the pension and workers' compensation benefits to which he appeared entitled because of Section 40-207(J) of the City code:
Any amounts which may be paid or payable under the provisions of any state workers' compensation or similar law to a member ... on account of any disability ... shall be offset against and payable in lieu of any benefits payable out of funds provided by the city under the provisions of the retirement system on account of the same disability ... (emphasis supplied).
This code provision was a part of Knight's pension and employment contracts with the City under the principle that the valid laws subsisting at the time and place of making a contract enter into and become a part of the contracts as if they were expressly referred to and incorporated therein. 11 Fla.Jur.2d Contracts § 129 (1979).
The language of the ordinance makes it clear that Knight's entitlement to a specific pension amount was not contractually independent of his entitlement to workers' compensation benefits, but rather was explicitly dependent thereon. Therefore, the cases cited by appellee are not apropos to the actual issue presented by this appeal, i.e. whether the contractual agreement by Knight to accept a pension benefit reduced by any workers' compensation to which he might be simultaneously entitled is an "agreement by an employee to waive his right to workers' compensation", invalid under Section 440.21(2), Florida Statutes. This question was specifically answered in the negative in Hoffkins, supra. Therefore, because there was no invalid waiver of any right to workers' compensation under the facts of this case, the additional PTD benefits awarded by the deputy must be reversed.
Knight as cross-appellant alleges that the deputy erred in granting the petition for modification, arguing that his employment did not establish wage-earning capacity under the "odd lot" doctrine as explicated in Lister v. Walker, 409 So.2d 1153 (Fla. 1st DCA 1982). The essence of the doctrine is the "probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps." Lister at 1155.
In this case, there was competent substantial evidence that Knight's insurance investigation job involved basically full time work driving, attending accident sites, interviewing victims and the like. The position was not created nor modified in any way so that Knight could perform it, and both he and his employer testified that he had no problems performing it, did a good job and would have been retained had not the company changed its investigators. He was not related to nor social friends with the employer and was hired after a regular interview and selection process. Therefore, the Lister doctrine does not operate to negate the renewed wage-earning capacity amply demonstrated by the facts below and *1074 the deputy's grant of modification is affirmed.
SMITH, C.J. and ERVIN, J., concur.