JOANOS, Judge.
Michael Malm has appealed an order of the judge of compensation claims modifying a 1983 order finding him permanently totally disabled. We reverse.
Malm was 19 years old in 1976, when he fell from a theatre marquee, suffering a depressed skull fracture. In October 1983, after undergoing numerous neurosurgical procedures, Malm was found permanently totally disabled, with massive neurological and psychiatric impairments and a 62% loss of vision. It was the opinion of the medical experts testifying at that time that Malm would require neurological and psychiatric care for the rest of his life.
Subsequent to this order, Malm relocated to Sparks, Nevada. In 1984, with the full knowledge of the employer/carrier, he commenced working as a minimum-wage usher at a theatre where his father was employed as a projectionist. It was the testimony of the claims adjuster that the carrier viewed this employment as sheltered, and therefore sought no modification of thé 1983 order based thereon. The carrier continued paying benefits until 1988, when a private investigator discovered that Malm had been employed since August 16, 1986 as a changemaker with a Reno, Nevada casino.. The carrier did not thereafter seek further information regarding the exact nature of this employment, or the method by which Malm obtained it, but simply decided that the employment was non-sheltered and unilaterally terminated Malm’s benefits.
The subsequent petition for modification sought a finding that Malm was no longer permanently totally disabled, and that the carrier was entitled to a credit against future benefits for benefits allegedly overpaid after August 16, 1986. The judge found, after a hearing, that Malm’s employment at the casino after that date demonstrated an “ability to work on a regular basis in a job obtained in the open market and not created or modified for him,” so that he could not thereafter be classified as permanently totally disabled. The judge further found, without elaboration, that the carrier was entitled to credit against any benefits due, or which became due, for benefits paid after August 16, 1986. Although the pre-trial stipulation indicated that the claimant was seeking attorney’s fees, the judge did not address the issue in his order, nor did he reserve jurisdiction to consider fees at a later time.
Section 440.28, Florida Statutes (1975) provides that “upon the application of any party in interest, on the ground of a change in condition ... the [judge] may at any time prior to 2 years after the date of the last payment of compensation purrs-uant to any compensation order ... review a compensation case and ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation” (emphasis supplied). A change in condition encompasses a change in wage earning capacity, even though the claimant’s physical condition remains unchanged. Hall v. City of Jacksonville, 443 So.2d 326, 327 (Fla. 1st DCA 1983); Kurtz Plumbing and Heating, Inc. v. Lyons, 465 So.2d 635, 636 (Fla. 1st DCA 1985).
Here, Malm was found permanently totally disabled by order entered in October 1983, based on massive neurological, visual *272 and psychiatric impairment resulting from the compensable skull fracture. However, it is undisputed that he is, and has been since 1986, employed by a casino as a changemaker. The employer/carrier relied on the mere fact of this employment as evidence that Malm had regained wage earning capacity so that he should no longer be classified as permanently totally disabled. However, under the “odd lot employment” doctrine,
total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. The essence of the test is the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps.
Lister v. Walker, 409 So.2d 1153, 1155 (Fla. 1st DCA 1982).
The judge herein evidently placed the burden on Malm to overcome the employer/carrier's bare showing of employment by evidence that the job was sheltered under the above criteria. This was incorrect. By its petition for modification, the employer/carrier assumed the burden to prove by competent substantial evidence that, by performing this job, the severely and permanently disabled claimant demonstrated a regained ability to sell his services on the open labor market, with probable dependability, undistorted by sympathy, good luck, or his own extraordinary efforts. Lister.
However, the only facts presented by the employer/carrier with regard to Malm’s employment were: 1) that he was, indeed, employed; 2) that he had held the job for over two years with a good attendance record; 3) that he received regular pay raises; and 4) that Malm himself classified his job as “regular.” No evidence whatever was adduced on such factors as whether Malm obtained the job by standard interview and hiring practices, whether the job was pre-existing or specifically created for Malm, and whether his duties had been modified so that he could perform them or were identical to those performed by others holding similar positions. See. e.g., City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA), rev. den., 518 So.2d 1276 (Fla.1987), reversed on other grounds, Barragan v. City of Miami, 545 So.2d 252 (Fla.1989).
We therefore find that the judge’s conclusion that Malm’s employment with the casino demonstrated “ability to work on a regular basis in a job obtained in the open market and not created or modified for him” is not supported by competent substantial evidence appearing in the record, and reverse the termination of Malm’s permanent total disability status after August 16,1986. Consequently, there was no overpayment of benefits after that date, and no credit against future benefits, when and if Malm loses his current position, should be allowed.
Finally, the judge did not rule on Malm’s claim for attorney’s fees, presumably because the employer/carrier prevailed on the modification petition. Based on the foregoing, the judge shall, on remand, consider and rule upon the claim for fees.
Reversed and remanded with directions.
SHIVERS, C.J., and ZEHMER, J., concur.