MINER, Judge.
In this workers’ compensation appeal we are asked to review an order of the Judge of Compensation Claims (JCC) granting attendant care benefits and requiring the employer/carrier (e/c) to provide rehabilitation. With respect to the attendant care award, e/c argue that the need for such is not supported by competent substantial evidence and that the JCC’s failure to make findings as to duration, quantity and quality of claimant’s wife’s attendant care requires reversal. E/c further maintain that the JCC erred in ordering rehabilitation where no claim for that service had been filed. Finding e/c’s arguments to be well taken, we reverse.
*920 Turning first to that portion of the JCC’s order requiring the e/c to provide rehabilitation, we observe that even though rehabilitation was not an issue presented for determination, the decretal portion of the JCC’s order directed e/c “to assist the claimant in obtaining reemployment or some other form of rehabilitation.” Claimant argues that the inclusion of this provision is not reversible error because it merely directs the e/c to comply with existing statutory requirements. This argument, however, ignores the fact that rehabilitation was not an issue and thus, inclusion in the order of such a directive was premature. See Village Inn Restaurant v. Aridi, 543 So.2d 778 (Fla. 1st DCA 1989). Moreover, inclusion of such a provision in the decretal portion of the order was not in keeping with the self-executing nature of Florida’s Workers’ Compensation Act. Accordingly, we strike that portion of the order appealed from directing the e/c to provide rehabilitation benefits.
Concerning the claim for attendant care benefits, the record reveals that claimant is a forty-year-old man who suffered a com-pensable injury on May 10, 1988, when he fell from a sawhorse and landed on his back while performing a plastering job for appellant/employer, Construction Finishing. Claimant has not returned to work since the date of his accident. Eventually, claimant came under the care of Dr. Rush, an orthopedist, who admitted claimant into the hospital on August 26, 1988. During a one week hospital stay, Dr. Rush requested an evaluation by Dr. Kurzner, an orthopedic surgeon. Diagnostic studies revealed a possible problem with the left disc at L5-Sl. Although claimant was discharged on September 1, 1988, a myelogram was performed to determine the nature of the disc problem. The myelogram revealed a herniated disc on the left side at L5-S1, and a laminectomy was performed on November 4, 1988.
Shortly after the surgery, a claim was filed for attendant care that had been provided by claimant’s wife. After a hearing, the JCC awarded the wife $200.00 per week for her assistance. The award extended from the date of the accident to the date of the hearing on March 23, 1989, and continuing into the future for as long as claimant required assistance. Apparently, the JCC neglected to exclude the periods during which claimant was hospitalized and presumably had no need of home attendant care. The JCC also failed to make specific findings concerning the number of hours needed and the hourly rate that would compensate the wife for her efforts.[1]
We begin our analysis of the attendant care award by observing that such benefits may be awarded when a family member provides services beyond those which are normally provided gratuitously. Thus, family members can be compensated for helping the claimant dress and bathe, assisting with bodily functions, administering medication and the like. Don Harris Plumbing Co. v. Henderson, 454 So.2d 745, 746 (Fla. 1st DCA 1984).
Although the evidence is far from overwhelming, there appears to be competent substantial evidence in the record to support claimant’s need for attendant care during the period prior to his surgery. Claimant testified at the hearing that his wife helped him bathe and dress during this period, though this contradicted his earlier statements at deposition. Claimant’s wife testified that each day she spent between fifteen and twenty minutes dressing her husband and the same amount of time undressing him. She also testified to spending thirty minutes to an hour each day helping claimant bathe, and an additional two hours rubbing liniment on his legs. Although Dr. Rush recognized that claimant might experience some pain in performing the activities of daily living, he did not go so far as to recommend attendant care. Dr. Kurzner opined that claimant’s need for assistance was limited to *921 meal preparation, but later stated that he might also require help in dressing.
Although the evidence is sufficient to establish some need for attendant care pri- or to surgery, the record does not support claimant’s need for care during much of the period that followed his surgery on November 4, 1988. Evidence that the wife provided assistance following claimant’s surgery is insufficient to establish claimant’s medical need for attendant care. The record reveals that Dr. Kurzner provided the only evidence of claimant’s need for attendant care following surgery. Dr. Kurzner testified that claimant might need one or one and a half hours of assistance per day for two to four weeks after surgery. According to Dr. Kurzner, claimant should have been independent after four weeks. Because claimant’s surgery was performed on November 4,1988, there does not appear to be a justification for continuing the award of attendant care beyond December of 1988. The JCC, however, awarded attendant care through the end of March 1989 and continuing into the future. Such an award is not supported by competent substantial evidence.
With regard to appellants’ argument that the JCC’s failure to make findings as to the duration, quantity or quality of wife’s attendant care requires reversal, we note that claimant correctly concedes that reversal “may be necessary.” It is well established that the claimant has the burden of establishing the quantity, quality and duration of the necessary attendant care. See Jones v. McGhee, 502 So.2d 509 (Fla. 1st DCA 1987); Perez v. Pennsuco Cement & Aggregates, 504 So.2d 1274 (Fla. 1st DCA 1986); Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983). In the instant case, the JCC awarded $200.00 per week without making any findings concerning the number of hours needed, the rate of pay or the quality of care required by claimant. Although competent substantial evidence suggests that there was some need for attendant care between the date of the accident and December 1988, the JCC fails to inform the parties or this court as to the extent of the need. The JCC also erred in failing to exclude the time during which claimant was hospitalized. In sum, the JCC’s award of attendant care must be reversed for any period beyond December 1988, and for those periods during which claimant was hospitalized. We remand the remaining portion of the award for further findings of fact as to the number of hours, the rate of pay, and the quality of care required by claimant.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.

. Although it is not clear from the compensation order, the JCC may have deemed $200.00 per week a reasonable part-time wage given the fact that the wife had, until shortly before the hearing, been earning $400.00 per week as a full-time home health aide for various individuals.