593 So.2d 544 (1992)
CITY OF MIAMI, Appellant,
v.
Richard JONES, Appellee.
No. 90-3854.
District Court of Appeal of Florida, First District.
January 17, 1992.
Rehearing Denied February 14, 1992.
Jorge L. Fernandez, City Atty., Ramon Irizarri and Kathryn S. Pecko, Asst. City *545 Attys., and Jay M. Levy, Miami, for appellant.
Mark L. Zientz of Williams & Zientz, Richard A. Sicking, Miami, for appellee.
SMITH, Judge.
The City appeals an order of the Judge of Compensation Claims (JCC) determining that it must reimburse claimant for offsets, in the amount of claimant's weekly compensation benefits, which were taken from claimant's monthly pension benefits for the period July 1, 1973 through August 1, 1989. The City contends that section 440.09(4), Florida Statutes, in effect at the time of claimant's accident, permitted the offsets. Although the statute was repealed, effective July 1, 1973, the City contends it was a substantive enactment and its repeal did not affect the City's entitlement to take the offsets. We agree and reverse.
Claimant, a former City of Miami police officer, suffered a compensable injury in the course of his employment on March 16, 1966. The City and claimant entered a stipulation on March 19, 1970, subsequently approved by the deputy commissioner, in which the parties agreed that claimant was permanently totally disabled (PTD), and that claimant was entitled to compensation at the rate of $42 per week commencing July 12, 1969. Prior to entry of this order, the City had granted claimant a disability pension effective July 12, 1969, in the amount of $648 a month. The City commenced payment of benefits effective July 12, 1969; however, the City offset the amount of claimant's weekly workers' compensation benefits from his monthly disability pension benefits so that his net income remained $648 per month. The City continued to take this offset through August 1, 1989, when the City stopped taking the offset following the supreme court's decision in Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989).
At the time of claimant's injury and the subsequent commencement of benefits, section 440.09(4) provided:
(4) When any employee of the state or of any political subdivision thereof or of any public or quasi-public corporation therein, or any person entitled thereto on account of dependency upon such employee, receives compensation under the provisions of this chapter by reason of disability or death of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee or dependent is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pension or benefit payment allocable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment allocable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.
The effect of the statute was that when a public employee, entitled to a pension, was awarded workers' compensation, the compensation was deducted from the pension amount, if the pension was greater than the amount of compensation awarded; and where the pension was less than the amount of compensation awarded, the employer was required to pay only the amount of compensation awarded the employee. City of Miami v. Graham, 138 So.2d 751, 754 (Fla. 1962).
In addition to the statute, the City had an ordinance, in effect since 1940, which also permitted the offset. When the legislature repealed section 440.09(4) effective July 1, 1973, the City relied upon its ordinance to continue taking the offsets for accidents occurring subsequent to July 1, 1973. However, in Barragan, the Florida Supreme Court ruled that Miami's city ordinance was preempted by the workers' compensation law and that section 440.21, Florida *546 Statutes, which provides that no agreement by an employee to waive his right to compensation shall be valid, prohibited the City from deducting workers' compensation benefits. In so holding, the court stated that Hoffkins v. City of Miami, 339 So.2d 1145 (Fla. 3d DCA 1976), which had permitted the City to take the offset pursuant to its ordinance, after the repeal of section 440.09(4), was wrongly decided. The Barragan decision does not purport to adjudicate the right of the City to take an offset for pre-July 1, 1973 accidents.
Claimant filed a claim for benefits on October 27, 1989 seeking reimbursement for the pension offset which the City had taken for the period July 1, 1973 through August 1, 1989, amounting to approximately $48,000, as well as penalties, interests, costs and attorney's fees. With regard to the City's contention that section 440.09(4), in effect at the time of claimant's injury, gave the City the substantive right to take the offset, the JCC ruled that section 440.09(4) was a remedial statute which merely governed the manner in which monies are distributed and was procedural, so that when the statute was repealed in 1973, the City's right to take the offset ceased, pursuant to the Florida Supreme Court's decision in Barragan. In so ruling, the JCC determined that the Barragan decision had retroactive application.[1]
In Sullivan v. Mayo, 121 So.2d 424, 428 (Fla. 1960) the Florida Supreme Court said:
... It is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen's Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury. Consequently, a subsequent enactment could not impair the substantive rights of the parties established by this contractual relationship... .
While this case involved the repeal of a part of the Workers' Compensation Act, rather than an amendment to the Act, we believe the principle stated is no less applicable here.
It is well established that the amount of compensation or rate of compensation paid to a claimant is substantive in nature. Recon Paving, Inc. v. Cook, 439 So.2d 1019, 1021 (Fla. 1st DCA 1983) (by any standard, increasing or decreasing the dollar benefits payable for an industrial injury is substantive legislation). Claimant contends that the language allowing the offset on a week-to-week basis makes the statute remedial, and that the right of the parties would thus be governed by the law as it existed following the statute's repeal. We do not agree. In our view, the language of past Florida Supreme Court decisions makes it clear that the effect of section 440.09(4) was to require a reduction in compensation benefits. Accordingly, the statute is necessarily substantive in nature.
In City of Miami v. Graham, 138 So.2d at 754, the Florida Supreme Court explained the import of section 440.09(4) thusly:
Considering § 440.09(4), Florida Statutes, F.S.A., in its entirety, the legislative intent seems clear: That an employee shall not receive both a pension and workmen's compensation from his employer when the employer is the state or any political subdivision thereof or a quasi-public corporation therein.
Again in Barragan, 545 So.2d at 254 the supreme court summarized § 440.09(4):
The Court [in Graham] based its holding on section 440.09(4), Florida Statutes (1957), which provided that any workers' compensation benefits payable to injured public employees should be reduced by the amount of pension benefits which were also payable.
These decisions recognize that section 440.09(4) provided for a reduction in compensation benefits.
*547 Claimant's reliance on this court's decision in Letcavage v. John Biggie & Co., 418 So.2d 417 (Fla. 1st DCA 1982), permitting retroactive application of the social security offset provision, section 440.15(10)(a), is misplaced. It is true that section 440.15(10)(a), providing for an employer offset for the amount of social security benefits received by the employee, and the 1979 amendment to the statute, which permitted the amount of social security benefits paid for the employee's dependents to be included in the offset, were held procedural, and thus applicable to accidents occurring prior to the statutes' effective dates. However, as the Florida Supreme Court explained in American Bankers Insurance Co. v. Little, 393 So.2d 1063 (Fla. 1980), federal law already permitted the Social Security Administration to take the offset. The change in the law merely permitted the state to take the offset the federal government had previously taken. The law changed the source from which the claimants received benefits  from predominantly state-generated payments to federally-generated payments  not the amounts received.
Unlike the situation in the social security offset cases, section 440.09(4) directly impacted the amount of benefits placed in claimant's hands, and the substantive nature of this statute cannot be escaped. If the converse were true in this case  if section 440.09(4) permitted a claimant to collect both pension and workers' compensation benefits, but then in 1973, the statute was amended to permit the offset  it is without question that the amendment would be deemed substantive and not applicable to pre-1973 accidents.
In urging the contrary result, claimant relies in part upon Lister v. Walker, 409 So.2d 1153 (Fla. 1st DCA 1982). In Lister, the claimant's accident occurred in 1958 and he was found permanently partially disabled. Section 440.15(1)(d), Florida Statutes, enacted approximately one year after the claimant's injury but several years before the claimant was adjudicated PTD, allowed for a calculation to be done after the compensation rate was determined to offset from PTD benefits claimant's actual earnings. The claimant in that case contended the statute was substantive and did not apply because it was enacted after the date of injury, while the E/C maintained that it was procedural and did apply to the claimant. In rejecting the claimant's position, the court commented that the statute would be applicable because it applied only to PTD and the claimant became PTD while the statute was in force. The court declined, however, to decide the procedural/substantive question. In view of the absence of discussion on this issue, we can only surmise that the court was of the view that the claimant had failed to demonstrate a vested right to the continued receipt of full disability benefits in addition to the amounts he was able to earn through his own employment. No such issue is presented in this case before us. We note, however, that although the Lister court approved the E/C's suspension of payments to the claimant, the court declined to allow the E/C to apply the offset to recover past payments made to the claimant. Similarly, we are of the view that the City may not apply this decision to recover the gratuitous payments made to claimant subsequent to the Barragan decision.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] On appeal, the City contends that the JCC erred in applying Barragan retroactively. Because the decision in this case turns on the substantive nature of section 440.09(4), we do not reach the issue of the retroactivity of Barragan to the facts of this case.