PER CURIAM.
The City of Miami appeals an order of the Judge of Compensation Claims which required the City to reimburse the appellee, the claimant below, for offsets which had been taken from appellee’s monthly pension benefits. We reverse the order on appeal.
This is another appeal involving the City’s pension offset ordinance. The claimant in this case suffered three compensable accidents on three separate dates in 1970. In urging this court to reverse, the City relies on this court’s recent decision in City of Miami v. Jones, 593 So.2d 544 (Fla. 1st DCA 1992), which held that if the injury occurred prior to July 1,1973, the effective date of the repeal of section 440.09(4), Florida Statutes, then the City was entitled to take the offset because section 440.09(4), which authorized the offset, was still in effect at the time of the injury. The claimant attempts to distinguish Jones by arguing that while it is true that the injuries *777 occurred prior to repeal of the statute, it was not determined that claimant was entitled to compensation until after repeal of the statute and therefore Barragan v. City of Miami, 545 So.2d 252 (Fla.1989) should be applied retroactively and the City should not be allowed to take the offset. E.g., City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA 1992).
We are not persuaded by claimant’s argument. As we held in Jones substantive rights under Workmen’s Compensation Law are fixed as of the time of injury to the employee. Id. at 546. Sullivan v. Mayo, 121 So.2d 424, 428 (Fla.1960). Claimant’s argument is in essence that substantive rights should be fixed at the time the court decides claimant is entitled to compensation. If we were to accept claimant’s argument, it would effectively overrule Jones, not to mention Sullivan. We cannot overrule Sullivan and choose not to alter the ruling in Jones.
Accordingly, the order being appealed is hereby reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. Appellee’s motion for appellate attorney’s fees is denied.
JOANOS, C.J., BOOTH and SHIVERS, JJ., concur.