ZEHMER, Judge.
The City of Miami appeals a workers’ compensation order wherein the judge of compensation claims ruled that the City had illegally offset claimant Will Hammond’s retirement pension by the amount of his workers’ compensation benefits between March 22, 1975, and July 31, 1989, and ordered the City to reimburse Claimant these illegally deducted benefits and pay penalties, interest, and attorney’s fees. The City argues that City of Miami v. Jones, 593 So.2d 544 (Fla. 1st DCA), rev. denied, 599 So.2d 1279 (Fla.1992),[1] mandates reversal of this order. We need not reach that issue because the award must be affirmed on a different ground.
Claimant sustained compensable injuries on three separate occasions while working as a police officer for the City. In September 1972, a judge of compensation claims entered a final order finding that Claimant was permanently and totally disabled, and establishing his compensation rate at $56 per week. On March 22, 1975, Claimant received “Ordinary Disability Retirement” from the Miami City Employees’ Retirement System. Ordinary disability is defined in subsection (5) of section 67 of the City’s pension ordinance as meaning mental or physical total incapacity from further performance of duty “(not as a result of an accident in the actual performance of duty as defined in subsection (6) of this sec *1206 tion).” Subsection (6) contains the provisions for “Accidental Disability Retirement Allowance” awardable when the employee “has been totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place_" A higher retirement benefit is payable for accidental disability retirement than for ordinary disability retirement. The offset provision in the pension ordinance (invalidated in 1973) is found in subparagraph (15) and provides in part that
Any amounts which may be paid or payable under the provisions of any state workmen’s compensation or similar law to a member ... on account of any disability ... shall be offset against and payable in lieu of any benefits payable out of the funds provided by the city under the provisions of the retirement system on account of the same disability....
(Emphasis added.)
Since ordinary disability retirement benefits are not payable for disability due to injuries received by accident in the performance of duty — the disability covered by subsection (6) — and since a compensable disability under the workers' compensation act must result from an accidental injury occurring in the course and scope of the employee’s employment, the definition of ordinary disability retirement benefits excludes a pension award for any disability that occurred in the performance of one’s duties of employment, and thus could not be the same disability for which one is receiving workers’ compensation benefits. We need look no further than the pension ordinance itself to determine that the City was not entitled to offset Claimant’s ordinary disability retirement pension by the amount of his workers’ compensation benefits.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.

. In Jones, this court held that the City of Miami was entitled to offset from pension benefits the amount its employee was receiving in compensation benefits because the employee’s accident occurred prior to July 1, 1973, the date section 440.09(4), Florida Statutes, was repealed.