877 So.2d 852 (2004)
Roger ROCKETTE, Appellant,
v.
SPACE GATEWAY SUPPORT and AIG Claims Services, Inc., Appellees.
No. 1D03-2977.
District Court of Appeal of Florida, First District.
July 9, 2004.
*853 Patrick J. Deese, Melbourne; Bill McCabe, Longwood, for Appellant.
Kristin L. March of DeCiccio & Johnson, Winter Park, for Appellees.
PER CURIAM.
In this workers' compensation case, we affirm the impairment rating found by the judge of compensation claims notwithstanding the claimant's contention that the issue of impairment was not before the judge, because the claimant failed adequately to preserve the issue. No objection was voiced at a ruling conference during which the judge summarized the evidence regarding impairment at some length and made findings on that issue; and no motion for rehearing was filed pursuant to Florida Workers' Compensation Procedure Rule 4.141(b)(2) or Florida Administrative Code Rule 60Q-6.122(2)(b).
We do, however, reverse the denial of attendant care benefits for the periods from July 25 through August 6, 2001, and from July 26 through August 8, 2002, as not supported by competent, substantial evidence. On the contrary, the undisputed evidence supports this claim to the extent it was based on assistance provided by the claimant's wife in bathing, dressing, administering medications and assisting with sanitary functions. See, e.g., Montgomery Ward v. Lovell, 652 So.2d 509, 511 (Fla. 1st DCA 1995); Constr. Finishing v. Combs, 569 So.2d 919, 920 (Fla. 1st DCA 1990). Moreover, the fact that the claimant's treating physician did not prescribe attendant care is not, as the judge appeared to believe, determinative of the claimant's right to recover such benefits. It is sufficient that the physician provided the necessary testimony at the hearing. Attitudes & Trends v. Arsuaga, 616 So.2d 1103, 1103 (Fla. 1st DCA 1993). Because we reverse the denial of attendant care benefits, we must also reverse the denial of penalties, interest and attorneys' fees.
We affirm in part, reverse in part, and remand. On remand, the judge shall revisit the attendant care issue, and make findings of fact as to the number of hours reasonably expended by the claimant's wife for care that went beyond ordinary household duties and the hourly rate of pay for that care as provided in section 440.13(2)(b), Florida Statutes (2001). The judge shall also revisit the issue of the claimant's entitlement to penalties, interest and attorneys' fees.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, VAN NORTWICK and POLSTON, JJ., concur.