BENTON, J.
On this appeal from an order denying permanent total disability workers’ compensation benefits — over and above a fireman’s disability retirement pension' — on account of an accident that occurred on July 12, 1969, in the course and scope of Alexander Adamides’s employment with the City of Miami, we affirm on the authority of section 440.09(4), Florida Statutes (1969). We also affirm on the City’s cross-appeal.
Although long since repealed, see ch. 73-127, § 2, Laws of Fla., section 440.09(4), Florida Statutes (1969), controls because the statute was in effect on the date of the accident. See City of Miami v. Levi, 599 So.2d 776, 777 (Fla. 1st DCA 1992) (“[Sjubstantive rights under Workmen’s Compensation Law are fixed as of the time of injury to the employee.”). The statute provided:
When any employee of the state ... or quasi-public corporation therein ... receives compensation under the provisions of this chapter by reason of the disability ... of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee ... is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee ... receives compensation under this chapter shall be reduced by the amount of the *956 compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pension or benefit payment allocable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment allocable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.
§ 440.09(4), Fla. Stat. (1969). Initial judicial interpretation[1] of the statute made “it clear that the effect of section 440.09(4) was to require [or at least to allow] a reduction in compensation benefits,” City of Miami v. Jones, 593 So.2d 544, 546 (Fla. 1st DCA 1992), when aggregate benefits that a public employer paid would otherwise have exceeded full pension benefits.
At all pertinent times,[2] the City of Miami Fire Fighters’ and Police Officers’ Retirement Trust, a pension or benefit fund to which the City contributed, paid Mr. Adamides full disability retirement pension benefits.[3] Despite having received these pension benefits, he seeks compensation benefits for the period during which the City paid no permanent total disability workers’ compensation payments.
He contends that the decision in City of Hollywood v. Lombardi, 770 So.2d 1196 (Fla.2000), has, by implication, modified the initial construction of section 440.09(4).[4] But Lombardi was concerned with the so-called Grice[5] and Barragan[6] *957 offsets, and the Lombardi opinion is silent concerning section 440.09(4), which, after all, had been repealed some thirty years earlier. The Lombardi opinion makes no mention of the statutory reference to “any pension or other benefit fund to which the [public] employer may contribute,” focusing instead on whether the “pension plan is funded at least in part with employees’ contributions.” 770 So.2d at 1205 (citation omitted). Nothing suggests that the Lombardi court had any purpose to alter the established construction of section 440.09(4) or modify the rule laid down in Graham. 138 So.2d at 754. The Lombardi court makes no mention of the Graham decision whatsoever. See F.B. v. State, 852 So.2d 226, 228 (Fla.2003) (“[T]his Court does not intentionally overrule itself sub silentio.”) (citation omitted).
On cross-appeal, the City asserts a right to repayment of permanent total disability benefits it paid Mr. Adamides after July 29, 2001. But the issue was not presented to the Judge of Compensation Claims and is not properly before this court. “Since this issue is raised for the first time on appeal, the [Judge of Compensation Claims] has not been afforded an opportunity to determine the merits of [the City’s] assertion.” Abrams v. Paul, 453 So.2d 826, 827 (Fla. 1st DCA 1984); see also Rockette v. Space Gateway Support, 877 So.2d 852, 853 (Fla. 1st DCA 2004) (“In this workers’ compensation case ... no motion for rehearing was filed.”). “[I]t is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court.” Abrams, 453 So.2d at 827. Accordingly, we affirm on the cross-appeal, too.
Affirmed.
PADOVANO and HAWKES, JJ., concur.

. As has previously been pointed out:
In City of Miami v. Graham, 138 So.2d [751,] 754 [ (Fla.1962) ], the Florida Supreme Court explained the import of section 440.09(4) thusly:
Considering § 440.09(4), Florida Statutes, F.S.A., in its entirety, the legislative intent seems clear: That an employee shall not receive both a pension and workmen’s compensation from his employer when the employer is the state or any political subdivision thereof or a quasi-public corporation therein.
Again in Barragan [v. City of Miami ], 545 So.2d [252,] 254 [ (Fla.1989),] the supreme court summarized § 440.09(4):
The Court [in Graham] based its holding on section 440.09(4), Florida Statutes (1957), which provided that any workers’ compensation benefits payable to injured public employees should be reduced by the amount of pension benefits which were also payable.
These decisions recognize that section 440.09(4) provided for a reduction in compensation benefits.
City of Miami v. Jones, 593 So.2d 544, 546 (Fla. 1st DCA 1992).

. At issue on the main appeal is the period between July 20, 1997, and July 28, 2001, during which the City did not pay permanent total disability workers’ compensation benefits. Beginning July 29, 2001, the City did pay permanent total disability workers’ compensation benefits, payments which are the subject of the cross-appeal.

. Our decision today turns on the historical fact of these payments. The Trust is not a party to the present proceedings and we do not decide whether the Trust was authorized to offset workers’ compensation benefits. See Graham, 138 So.2d at 754.

. Mr. Adamides also argues for reversal on an estoppel theory, but he fails to identify any detrimental reliance or explain why payment in excess of his full pension benefits would be equitable. See Mandarin Paint & Flooring, Inc. v. Potura Coatings of Jacksonville, Inc., 744 So.2d 482, 485 (Fla. 1st DCA 1999) (holding that detrimental reliance is necessary for estoppel).

. Escambia County Sheriff’s Dep’t v. Grice, 692 So.2d 896 (Fla.1997). The supreme court later explained that:
[0]ur decision in Grice was directed only to whether additional collateral benefits should be included in computing the AWW 100% cap for total benefits. We have acknowledged that the 100% AWW cap that we discussed in Grice did not come from a strictly literal reading of section 440.20(15), but rather from a “judicial interpretation of an ambiguous statute.”
Lombardi, 770 So.2d at 1204 (quoting Dixon v. GAB Bus. Servs., Inc., 161 So.2d 443, 445 (Fla.2000)).

. Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). The Barragan decision was “based upon the legislature’s 1973 repeal of section 440.09(4), Florida Statutes (1971).” City of Miami v. Bell, 634 So.2d 163, 164-65 (Fla.1994).